· RICHARD S. YOUNG, Executor, v. J. J. POWER.

1. EVIDENCE: DECLARATIONS, WHEN ADMISSIBLE.—Declarations of a party are admissible in evidence in his favor when connected with the principal fact under investigation, or when the question at issue is the intention of the party.

2. CONTRACTS : RELEASE : ACCORD AND SATISFACTION : GRATUITOUS PROMISE.—A verbal gratuitous promise of a creditor to release his debtor is not binding. Whenever a contract, not being a promissory note or bill of exchange, has been broken, and one of the parties has become liable to an action, the cause of action can only be discharged by a release under seal, or by an agreement between the parties, founded on sufficient consideration.

3. SAME : DEBTOR AND CREDITOR : RELEASE OF DEBTOR BY DELIVERY OF EVIDENCE OF DEBT.—A creditor may discharge his debtor from a debt, evidenced by a promissory note, bill of exchange, or other writing, by a gift and delivery of the evidence of the debt to the debtor.

4. GIFT : DEBTOR AND CREDITOR : RELEASE OF DEBT DUE BY PAROL OR OPEN ACCOUNT.—To make a valid legal gift of a debt due by parol or open account, the creditor must in writing release the debt, or do some act by which the debt is placed beyond his legal control or dominion.

5. GIFT OF SPECIFIC CHATTELS : DELIVERY OF POSSESSION.—A gift of specific chattels, if accompanied by an abandonment of possession and control of the subject matter of the gift to the donee, may be shown by any language of the donor which indicates an intention to make a gift of the chattel.

6. GIFT : DELIVERY : JURY : INSTRUCTIONS.—The question of delivery of a promissory note or bill of exchange is a mixed one of law and fact, and should not be submitted to the jury without instructing them as to what was requisite in law to constitute a delivery. If the evidence be conflicting, the court should instruct the jury hypothetically with reference to the different views which they may have of the testimony ; but if there be no disputed question of fact, the court may instruct whether the facts as proven do or do not constitute a delivery of the note.

7. JURY : INSTRUCTIONS : INAPPLICABLE TO FACTS.—The court should not give an instruction which is inapplicable to the facts of the case.

8. EVIDENCE : WITNESS : CREDIBILITY OF : CONFLICTING STATEMENTS.—A

witness, who on his first examination gives a detailed statement of facts, and, on being recalled, states his opinion, such opinion is entitled to no weight as against the statement of facts previously detailed by him.

ERROR to the Circuit Court of Marshall county. Hon. A. M. Clayton, judge.

The facts of the case are set forth in the opinion of the court.

*Jno. W. C. Watson* for plaintiff in error.

1. The court erred in not permitting witness McMillan to state what plaintiff's testatrix said a short time before her death, as to defendant being indebted to her.

The defence relied on was, that the testatrix had given defendant the debt, if she never needed the money. As proved, the gift was conditional and qualified, unexecuted and invalid in law. The subject of the gift was still under the dominion of the testatrix, and her election not to carry out the gift, or her final determination on the subject, was admissible in evidence.

2. A mere gratuitous promise by a creditor to his debtor is not binding. 4 How. Miss. 684; 34 Miss. R. 655.

Part payment of a debt due is not a sufficient consideration for a contract of forbearance, nor sufficient to uphold a promise to receive the part paid in satisfaction of the whole. 34 Miss. R. 655; *Gie* v. *Moseley,* 2 Gholhart, 205–8.

Whenever a contract, not being a promissory note or bill of exchange, has been broken, the right of action can only be discharged by a release under seal, or by an agreement founded on a sufficient legal consideration. Addison on Contracts, 1071–1072.

The alleged agreement of plaintiff's testatrix to give to defendant the debt he owed her, was wholly without consideration, and is nudum pactum. *Barker* v. *Barker,* 2 Grattan, 344; 25 Ala. 518.

Nor does it constitute a valid gift. "There can be no valid gift of a chattel unless there be an actual delivery of possession to the donee, or an absolute parting of all dominion and ownership over it by the donor for the use and benefit of the donee."

Declarations of the owner that he has made the gift, will not render it valid. *Wheatley* v. *Abbott*, 32 Miss. R. 345; *Caradine* v. *Collins*, 7 S. & M. 428; *Anderson* v. *Baker*, 1 Kelly, 595; *Wall* v. *Kirkman*, 13 S. & M. 599; *Ewing* v. *Ewing*, 2 Leigh. 337–49.

3. The question of delivery was a mixed question of law and fact, and it was improper to submit the evidence to the jury without instructing them as to what constituted in law a delivery. *Wade* v. *Mills*, 31 Miss. 465.

As there was no conflict in the testimony, it was competent, and the duty of the court, to instruct the jury, whether the circumstances were or were not equivalent to a delivery of the subject of the gift. 31 Miss. 467-8-4. The opinion of a witness that a gift had been made, without stating how or in what manner, was not sufficient to establish a gift. *Carter* v. *Buchanon*, 3 Kelly, 513; *Dunlap* v. *Hearn*, 37 Miss. R. 471-5.

The subject of the gift being a mere *chose in action*, evidenced by no writing, was incapable of a delivery; and such being the case, a gift of it could only have been legally made by some writing, as a release or acquittance, and a delivery of that writing. 2 Leigh. 344; 11 Richd. Law, 135-7; Addison on Contracts, 1071-2.

*Featherstone, Harris & Watson, Strickland & Fant*, for defendant in error.

1. The testimony of McMillan as to the declarations of Mrs. Power, plaintiff's testatrix, was properly excluded. The rule of law is plain, that if Mrs. Power were living her declarations would not be admissible as evidence in her behalf, and equally inadmissible in favor of her executor after her death.

Nor does the fact that the gift was conditional, as contended by counsel for plaintiff in error, change the rule as to the admissibility of the declarations of a party. The object of the declarations was to show that before performance of the condition (as pretended) Mrs. Power had revoked the gift and demanded payment of the debt. It was in effect to show by her own declarations title in herself.

But the gift was not conditional, but absolute, and perfected by delivery. The title was in the defendant, and the object of the declarations was to defeat the title of defendant long after the conveyance, and set up title in herself. The declarations of a party are admissible in disparagement of, but not in support of title.

2. The first instruction was properly refused. It purports to set out the testimony in the cause, and excludes from the jury that portion of it that established an absolute gift. It was a charge as to the weight of testimony, and should have been refused without modification; and even with the modification, declared the law stronger for the plaintiff than it should have done.

The 2d charge is liable to the same objections. It omits to specify one of the requisites of a valid gift—actual or symbolical delivery, or what is equivalent to it. The addition of this requisite was the only modification made by the court.

The 3d charge for plaintiff did not state the law correctly. A written release or discharge is not necessary to discharge a debt due by parol. Every debt may be discharged in the same manner and by the same means by which created. Hence, the words " in writing" were properly stricken out. The addition at the close of the charge was made for the purpose of meeting every phase of the testimony.

3. To show a valid gift in this case, it was necessary for defendants to show an actual, a constructive or symbolical delivery, or what was equivalent to it.

No consideration was necessary to support it, and if made under circumstances which repel the presumption of fraud in the donor, will be good against the world, if there has been a delivery of possession.

A gift of a debt, or chattel personal, is the act of transferring the right of possession thereto, whereby one man renounces and another acquires immediately all title and interest therein.

The intention of the donor must control and determine whether the gift be conditional or absolute, whether it shall take effect " *in presenti* " or " *in futuro.*"

The delivery of possession raises a strong presumption in favor of an absolute gift.

Delivery is a question of fact for the jury to determine.

The delivery constitutes the gift which cannot afterwards be interrupted.

An absolute gift will be presumed from the single fact, that a father assembles his children for the purpose of dividing his property amongst them.

The foregoing eight propositions are sustained by the follow authorities : *Marshall* v. *Fulgame*, 4 Howard Miss. 216 *Slack* v. *Slack*, 4 Cush. Miss. 287 ; *Falconer* v. *Holland*, 5 S. & M. 689 ; *Caradine* v. *Collins*, 7 S. & M. 428 ; *Coppage* v. *Burnett*, 5 George Miss. 621 ; *Fatheree* v. *Fletcher*, 2 ib. 265 ; *Wheatley* v. *Abbott*, 3 ib. 343 ; *Thompson* v. *Thompson*, 2 How. Miss. 737 ; *Young* v. *Young*, 3 Cush. Miss. 38.

If there be no delivery of possession, but a mere declaration of the donor which must refer to the future, or a promise to give at a future period, it is not a gift, but a contract, a *nudum pactum.* 2 Black Com. 442 ; 4 S. & M. 221.

It is to this last class of cases that the authorities cited by plaintiff's counsel apply, and not to the case of an absolute gift with a delivery of possession.

4. The declarations of Mrs. Power as detailed by McMillan, were *made to him in private, no one being present.* Such testimony is most suspicious and unreliable, and should be received with great caution. 1 Tenn. R. 463 ; 1 Wend. 625, 648, 653 ; 2 J. J. Marshall, 65 ; 4 Monroe, 236, 241 ; 6 Monroe, 136 ; 1 Greenleaf's Ev. § 200.

5. Delivery is a question of fact for the jury to determine. *Caradine* v. *Collins*, 7 S. & M. 432.

6. Counsel reviewed the authorities cited by plaintiff, and contended that they were not applicable ; reviewed the testimony at length, and insisted that it showed an absolute gift, a tender of the note · and acceptance, and a delivery to the defendant.

HANDY, C. J., delivered the opinion of the court.

This action was brought by the plaintiff in error as executor of Sarah Power, deceased, to recover the sum of eight hundred dollars, alleged to be due the testatrix by the defendant, for money paid by her to him for a slave which she purchased of him; which purchase was rescinded and the slave delivered back to him shortly after the purchase was made.

On the trial, the plaintiff testified that the testatrix died in December, 1860, and that, among her papers which came to his hands, was one dated November 30, 1860, addressed to the defendant, and signed Sarah Power per E. W. McMillan, requesting the defendant to give his note for the eight hundred dollars which she let him have, and give it to W. Rayburn to bring it to her, as she should need the money soon and wished to have it closed; that in the course of two or three months after the death of testatrix, witness called on the defendant about the debt; that the defendant denied that he owed testatrix any thing, and said that she had given the debt to him; that some months before her death, he had sold her a negro woman at the price of twelve hundred dollars, six hundred of which she paid him, and was to pay the balance at the end of the year, but shortly after the sale was made it was rescinded, and that he told her he could not repay the money she had paid, without inconvenience, and that she said it made no difference; that if she never needed the money, she would never call on him for it.

McMillan, a witness for the plaintiff, was asked whether he had heard the testatrix speak of the defendant's owing her, a short time before her death, and what she then said about it— the object being to show that the gift of the debt, as claimed by the defendant, was not absolute, and that the testatrix desired and intended to collect it. The defendant objected to the question being answered, on the ground that it was not competent to establish the debt to the testatrix by her own declarations; the objection was sustained and the plaintiff excepted.

The witness then testified that he wrote the paper above spoken of, addressed to the defendant, at the request of the testatrix; that she said, at the time, that $600 of it was for

money paid by her for the negro woman above spoken of, and which he had not repaid her when that contract was rescinded, and that $200 was for money she had loaned him; that this order, or paper, was sent by the testatrix, by her overseer, Rayburn, to the defendant, but that Rayburn said on his return that he had not found him, and witness did not know that it was presented to him.

The defendant then introduced Mrs. Milam, who testified that she was a niece of the testatrix, and had been a great deal with her, and was with her in the spring of 1860, when the defendant called to see her about the money which she had paid him for the negro woman; that she said to him, "I do not know that I shall ever need the money; if I do, I will call on you for it;" the impression made on the witness was, that if she never called, he was to have the money; that he had prepared a note, signed by himself, for the amount, which he tendered to her, she lying on the bed and he standing by the bedside; that she saw the note and heard it read, and told him to burn the note, that she did not know she would ever want the money; that she had not called on him for it, and never expected to do it; that if she never needed the money, she would never call for it; that, unless her circumstances of want made it necessary, she would never call on him for it; that the defendant called on the witness to notice what occurred; that he did not burn the note, but put it in his pocket, saying it might be best for him to keep it; that this occurred some two or three months after the negro trade; that the testatrix always had a plenty of property, never wanted any thing, and died the owner of a good deal of property; that upon the defendant saying it would put him to great inconvenience to pay her the $600 she had paid him for the negro woman, she said, "Don't put yourself to any trouble about what you owe me; if I never need it, I will never call on you for it—you will get some of my estate anyhow."

Mrs. Power testified that the testatrix bought the negro woman in January or February, 1860; the trade was rescinded soon after that time; that not long afterwards witness heard

the testatrix say she had given the defendant the money she had paid him, unless she wanted it and called for it; that witness never heard her speak of any claim against the defendant; that she was fond of him, had no children, and he was as nearly related to her as any one living.

Sanders testified that he was present at the interview with the testatrix, spoken of by the witness Milam; that the defendant offered to the testatrix his note for $600, and she told him she did not want it, to destroy it. "I intend you to have that money, unless I get in circumstances to need it, and then I believe you will help me, anyhow;" that she intended him to have part of her estate, anyhow; and that the defendant called on witness to notice what she said, and what passed; that she told the defendant to burn the note which he offered her, and which she saw and heard read, but did not have it in her hands; that she was in bed at the time; that the defendant did not burn the note, but kept it, and witness did not know what became of it afterwards.

This witness was afterwards recalled, and testified that he had intended to say, when first examined, that the testatrix had given the defendant the debt, and that he understood there were no conditions about the gift, and that his testimony related to the time when Mrs. Milam was present, and about which she had testified.

The first error assigned is, the refusal of the court to permit the witness McMillan to testify as to the declarations of the testatrix, going to show that she intended to collect the claim against the defendant.

It appears from the evidence, that the declarations of the testatrix which are relied on as a forgiving of the debt due her by the defendant, were altogether gratuitous, and that the promise was without valuable consideration; and that the forgiving, *in terms*, was not complete and absolute, but that some further act was requisite to consummate it. The matter, therefore, rested in her discretion, and depended on her mere volition. It was a question of intention on her part; and, as the promise remained unexecuted, it was clearly proper to show what her

intention was, and her declarations on that point were competent evidence. 1 Greenleaf on Evid. § 108. If the ground of defense relied on was competent, this testimony, which had a direct bearing on it, was also competent, and should have been admitted.

The second error assigned is, the refusal of the court to grant the instructions as asked by the plaintiff, and in granting them with certain modifications.

The first of these instructions is as follows: "If the jury believe, from the evidence before them, that the facts of this case are these: that the defendant, in 1860, owed the plaintiff's testatrix $600, due by parol or open account, and that said testatrix told defendant as to said debt, 'if I need the money I will call upon you for it; but I never expect to need it;' and that at another time testatrix said to defendant about said debt, the defendant then having prepared his note for said amount, and tendered it to said testatrix: 'I told you that if I needed the money I would call on you for it, but I never expect to need it; burn the note; you will have part of my estate any how;' that upon this state of facts, if the jury believe the facts of the case to be such, the law is with the plaintiff, and the jury should find a verdict for the plaintiff."

This instruction was refused as asked, but was given with a modification, by striking out the latter part of it, from the words, "that upon this state of facts," &c., to the end, inclusive, and by substituting in lieu of it the following: "If the ʼry believe there was no delivery to the defendant, nor any ↄt equivalent to delivery, they should find for the plaintiff."

It is now insisted that the instruction, as asked, was correct, and that the modification was error.

The instruction substantially states the declarations of the testatrix, which were relied on as a discharge of the debt sued for, and then it proceeds to state that, if the jury believe such to be the state of facts, they should find for the plaintiff. This presents the question, whether these declarations and acts of the testatrix had the effect, in law, to discharge the debt due her by the defendant. And it is clear that they had not. The rule

upon the subject is thus stated in a recent valuable work : " Whenever a contract, not being a bill of exchange or promissory note, has been broken, and one of the parties has become liable to an action for the breach, the cause of action can only be discharged by a release under seal, or by an agreement, between the contracting parties, that something shall be given or done on the one side, and received on the other, in satisfaction and discharge of the debt or damages resulting from the breach, and by the execution or fulfilment of this agreement, by the gift or performance and acceptance of the thing agreed to be given or done, termed in law an 'accord and satisfaction.' " Addison on Contracts, 1072. And this rule applies, whether the debt consist in the form of writing or be in parol. Here there was no pretence of a release under seal, or of any agreement founded on a sufficient legal consideration and amounting to an accord and satisfaction ; but a mere verbal promise or declaration, that the testatrix would not require the payment of the debt, and that coupled with a condition which left the matter wholly within her control, and subject to her volition.

But it is urged, in behalf of the defendant, that there was evidence from which the jury might have found, that a note for the debt was given by the defendant to the testatrix, and that it was delivered up by her to him in one of the conversations mentioned by the witnesses ; and, therefore, that the discharge was sufficient under the rule stated. But this is not justified by the evidence. It is plain that the note prepared and offered by the defendant was never in her hands, and was never accepted by her as evidence of the debt. On the contrary, she refused to receive it, and told him to destroy it. If there was any just ground for saying that this was a constructive delivery to, and acceptance by, her of the note, and that her direction to him to destroy it was equivalent to a delivery of it to him, and amounted to a satisfaction of the debt, that conclusion is negatived by the declaration that if she needed the money she would call on him for it ; which shows that she did not intend absolutely to forgive the debt.

The modification was manifestly erroneous, first, in submit-

ting it to the jury, under the circumstances shown by the evidence, to decide the question whether there was a delivery. That was a mixed question of law and fact; and the court should have directed the jury what was requisite in law to constitute delivery, and then to have told them that they should find that there was a delivery or not, according as they should believe the facts to be when governed by the principles declared by the court. But the legal questions whether the facts shown in evidence amounted in law to a delivery or not, and what act was equivalent in law to a delivery, were left to the jury. 2. The court should have directed the jury that, if they believed the facts stated in the instruction, they did not constitute a delivery; because the testatrix had never received the promissory note for the debt which the defendant tendered her, and could not, therefore, deliver it up; and her declaration to him to destroy it, was not equivalent to an acceptance by her and delivery to him; for she, at the same time, reserved her right to the debt, if she thought fit to demand it afterwards. This would not have been an instruction to the jury on the weight of evidence, as the learned judge appears to have considered; but a statement of a legal rule, for the determination of the question presented, proper to have been decided by the court, and which the jury were incompetent to decide.

We think, therefore, that there was error both in the refusal of the instruction as asked, and in the modification made to it.

The second instruction is in these words: " If the jury believe, from the evidence, that defendant, in 1860, owed plaintiff's testatrix $600, due by parol or open account, and that said testatrix never did make a gift of said debt to the defendant, so that she no longer had any control or dominion over it, but reserved to herself the right, if she chose to do so, to call on the defendant for payment of said debt, that such transaction did not constitute a legal valid gift of said debt to defendant, and that thereafter the said testatrix could have recovered said debt, and that the right to recover the same also devolved upon her executor, the plaintiff."

This instruction was refused, but was modified by adding

between the words "transaction" and "did," these words, "if unaccompanied by what was equivalent to delivery." From what we have said above, the modification made by the court was erroneous, and the instruction should have been granted as asked.

The third instruction is as follows: "That to make a valid legal gift of a debt due by parol or open account, the creditor must, in writing, release or discharge said debt, or do some act by which the debt is placed beyond his legal control or dominion; that a verbal declaration by the creditor to the debtor, to the effect, that "if she needed the money she would call on him for it, but that she never expected to do it; that she had given the defendant the debt unless she needed it and called for it," —that such statements and declarations do not establish a valid executed gift in law, or put it out of the power of such creditor or her personal representative, after her death, to recover such debt."

The court refused to grant this as asked, but modified it by striking out the words—" in writing, release or discharge said debt or "—in the first part of it; and by adding at the end of it these words—" if she called for it during her life."

This falls under the same principle above stated, and the instruction as asked should have been given. Both the striking out and the addition were erroneous. If the debt was not released in a manner necessary in law to discharge the defendant, it remained in force to the testatrix during her life, and went to her executor after her death; and that was the necessary legal result of her not having released the debt in a manner that would bar her right.

The fourth instruction is in these words :—" That declarations by a creditor that she had given or would give a debt due her to her debtor, do not establish a legal or valid gift, if there is no release or *written* discharge of the debt by the creditor, and the creditor gives up no evidence of the debt which she held, and makes no delivery of anything whatever to the debtor, in execution of such alleged gift."

This was modified by striking out the word "*written*," in the

instruction; which we think was erroneous. The instruction was proper under the facts of the case, and should have been given as asked.

The third assignment of error is, that the court gave the instructions asked by the defendant.

The first instruction stated in substance, that if the jury believed, from the evidence, that the amount sued for was at one time evidenced by a note, which was the property of the testatrix, and which was given by her to the defendant, they should find for the defendant—that to make a valid gift, there must be a delivery of possession of the thing given, either actual, constructive or symbolical, to the donee, or the absolute parting of all ownership and dominion over it by the donor—whether there has been such delivery or such parting with dominion and ownership, is a question for the determination of the jury on the evidence.

This instruction is erroneous in leaving to the jury several questions of law, which were proper and necessary, under the circumstances of the case, to be determined by the court. 1. It was improper to leave it to the jury to say, whether the note was the property of the testatrix, without directing them that it was necessary, to make it her property, that she should have accepted or received it as such; for they were left to determine whether the mere preparation and tender of the note for the debt did not make it her property. That being a question of law, essential to the proper determination of the matter presented by the instruction, the court should not have left it to be determined by the jury, without stating to them the rules of law applicable to the facts as shown. *Garnett* v. *Kirkman*, 33 Miss. 389; *Greenwade* v. *Mills*, 31 Miss. 464; *Fairly* v. *Fairly*, 38 ib. 280. 2. The question what was requisite to constitute a valid gift of the debt, " either actual, constructive or symbolical," or a delivery of possession or parting with ownership of the debt, is in terms submitted to the determination of the jury. It is manifest that that was a question of law, and that the court should have stated to the jury the rules by which, under the facts shown in evidence, it was to be decided by them. In ef-

14

fect; the instruction submits the whole law of the case to be determined by the jury.

The second instruction is obnoxious to the same objection. It left the question of delivery, or what act was equivalent to delivery, to be determined by the jury. But it was also improper, because there was no evidence which in law tended to show that the testatrix had delivered up any promissory note, or otherwise released the debt, or parted with her legal right to it. *Greenwade* v. *Mills*, 31 Miss., 464; *Garrett* v. *Kirkman*, 33 Miss.

The third instruction declares that " if the intention of making a gift exists, any language which expresses that intention is sufficient, if accompanied by an abandonment of the possession, and control of the subject matter of the gift to the donee."

This rule may be well enough with reference to *gifts* of specific chattels, but it has no application to the *release of a debt* existing in parol. This instruction and most of the others, on the part of the defendant, touching this point, proceed on the assumption that this was a case of a gift of a chattel by parol, with delivery of possession of it, to the donee; and many of the authorities cited by counsel have application to cases of that kind only. But this is a manifest error. There was no such gift and no such delivery of possession; for the testatrix had nothing in her possession which she could deliver to the defendant. The instruction is, therefore, inapplicable to the facts of the case, and was well calculated to mislead the jury. The fourth and sixth instructions are to the same effect, and are obnoxious to the same objection.

The seventh and eight instructions state the rule that a debt, existing alone in parol or open account, may be given by the creditor to the debtor, verbally and without writing, and if so given absolutely, the debt is thereby discharged. According to this, the release of a debt is valid, if the creditor merely declare that it is released absolutely; and it is not necessary that the declaration or promise be made upon a valid legal consideration, or be in writing. This is palpably in opposition to the well

established rule; and that such a promise is *nudum pactum*, is settled law. Addison on Contracts, 1071; *Hunt* v. *Knox et al.* 34 Miss. 655; *Hitch* v. *Sutton*, 5 East, 232.

The ninth instruction refers to the rules as stated in the preceding instructions, and states that, if the jury believe, by the rules thus stated, that the testatrix gave the amount sued for to the defendant, they should find for him. This was error, for the reasons above stated.

It is contended, in behalf of the defendant, that the testimony of the witness Sanders shows that the gift of the debt by the testatrix to the defendant was absolute and without any condition. If such a gift could have the effect in law of a release of the debt—which we have above seen would not be the case, there being no written release, no delivery of a promissory note evidencing the debt, and no accord and satisfaction—yet the testimony of this witness, properly considered, shows that the alleged gift was coupled with a condition and reservation of her right to demand the debt at a future time. For when the witness speaks of the facts that transpired at the time of the alleged gift, he distinctly states that it was with a condition; and he quotes the language used by the testatrix in the matter. He afterwards, when again called, stated that he intended to say that there was no condition about the gift. But it is plain that this latter statement is merely the opinion and conclusion which he found as to the legal effect of her declarations, and that such opinion is entitled to no weight against the statement of facts previously detailed by him.

It follows from these views, that the rulings of the court were erroneous, and that the motion for a new trial should have been sustained.

The judgment is reversed, the verdict set aside, and the cause remanded for a new trial.