## Levi M. Stewart,

*vs.*

## Samuel Hidden.

If the owner and holder of a promissory note made by a third person donates it either to the maker, or another, the donation carries the debt .secured by the note, and is a symbolical delivery of it. If the maker of the note is the donee, the gift operates as a cancellation of the note and debt. If a stranger is the donee, he may recover against the parties to the instrument.

A consideration is only necessary to support an agreement or *executory* contract; but a gift, made perfect by delivery, is regarded in the law an executed contract, irrevocable by the donor.

This action was brought in the District Court for Hennepin County to recover the balance, alleged to be due, upon a promissory note executed by defendant on the 28th of February, 1859, for $674, payable in 15 months, with interest at the rate of 18 per cent. per annum. The defendant put in an answer containing two counts. The gist of the first defence was a denial of plaintiff's title to the note. The second defence was, that in the spring of 1865, the plaintiff being the holder of the note, and claiming, and having lawful right and authority therefor, as fully as the absolute owner thereof, with the consent and knowledge of the owner, "agreed to and with said defendant to give to him the said note, and to deliver up to him the same, fully satisfied and discharged of all claim growing out of the same, for the sum of $500; that

Levi M. Stewart v. Samuel Hidden.

the defendant, then and there, paid to the plaintiff the sum of $500, in full satisfaction and discharge of said note, and for the delivery thereof to him; and the said plaintiff thereupon did surrender up, deliver and give to this defendant said note, as fully paid, cancelled, satisfied and discharged, and with full power to destroy, or otherwise dispose of the same as his, defendant's, own property; and this defendant did thereupon destroy the same." * * * * To the first count of said answer the plaintiff replied; to the second, demurred, on the ground that it did not state facts sufficient to constitute a defence. The Court sustained the demurrer. A trial was had on the issue raised by the first count of the answer. A verdict was rendered for plaintiff, and judgment entered; from this judgment an appeal is taken by defendant to this Court.

CORNELL & BRADLEY for Appellant.

L. M. STEWART for Respondent.

*By the Court*—WILSON Ch. J.—I think the demurrer should not have been sustained.

There is no rule of law, or public policy, forbidding the owner and holder of a note made by a third person to transfer it without consideration. The transfer carries with it the debt; or in the language of the Chancellor in *Contant vs. Schuyler*, 1 *Paige R.* 318, "is a symbolical delivery of the debt due on the note, and all the delivery of which the subject is capable." The delivery to the donee, consummates the gift as effectually as if the donation consisted of a chattel. *Edwards on Bills and Notes*, 325; See also *Bedell vs. Carll et al.* 33 *N. Y.* 584. It can not make any difference, in principle, whether the gift is to the maker of the note or to a person not a party to it. If to the maker, to carry out the

intention of the parties, the gift must be held in law a cancellation of the note and the debt which it secures; if to a stranger, he may recover against the parties to the instrument. In any case, the donee acquires the same rights that he would acquire by purchase. This view does not trench on the doctrine, which, it must be admitted, is supported by the weight of authority, that giving, and accepting a smaller sum of money in satisfaction of a larger one due, is not a valid discharge. The reason given for this rule is, that there is no consideration for the promise not to collect the part remaining unpaid.

It may be admitted that the $500 paid here, was only a part of the sum due, and therefore would not be a legal consideration for a promise to surrender the note, or extinguish the debt, for according to the weight of authority, such contract, being without consideration, could not be enforced; but this contract was executed, and the fact that there was no legal consideration, proves that it was the intention of the owner of the note to donate it, and the unpaid balance remaining due on it.

This he had a right to do, for, " any person, competent to transact ordinary business, may give what he owns to any other person." 1 *Par. on Contracts*, 234.

The question as to the adequacy of the consideration cannot influence the decision of the case, for a consideration is only necessary to support an agreement or *executory* contract; but a gift, made perfect by delivery, is regarded in the law as an *executed* contract, irrevocable by the donor. It is not necessary, therefore, to either deny, or affirm, as the law of this State, the rule that a smaller sum cannot be a satisfaction of a larger debt; but admitting for the purposes of this case its force and validity, we think, to use the language of the Supreme Court of Mass., that a " rule, which obvi-

ously may be urged in violation of good faith, is not to be extended beyond its precise import; and whenever the technical reason does not exist, the rule itself is not to be applied." *Brooks vs. White*, 2 *Met.* 283.

The agreement of the parties appearing to have been deliberately made and executed, without fraud, or undue influence, and not being in contravention of any established rule of law, or morals, the principles of our system of jurisprudence, as well as honesty, and fair dealing, require that it should be respected. It cannot be pretended here that the plaintiff has any equities superior to his grantor.

Judgment reversed, and cause remanded.