* HIRAM H. DRAPER v. JOHN E. HITT, APPELLANT.

*Accord and Satisfaction. Payment. Promissory Note. Tender.*

Where the holder of a promissory note surrenders it to the maker, and takes one of less amount in satisfaction, it is a full discharge, and no action can be maintained for the unpaid portion. The surrender is equivalent to a release under seal.

A tender made subject to the condition that if the party take the amount offered, it is to be in full payment of all his claims, is invalid.

GENERAL ASSUMPSIT. The case was referred and the referee reported as follows :

On the 5th day of February, 1863, the plaintiff held the promissory note of the defendant, which was dated May 4th, 1857, and given for the sum of sixty dollars and interest, and which was given on a good consideration and delivered the plaintiff on the day of its date. On the said 5th day of February, the plaintiff applied to the defendant to pay said note, but the defendant being unable to pay it, proposed to the plaintiff to give him a new note for forty dollars, payable in two years with interest, and in satisfaction of the note first above referred to. The plaintiff accepted

said proposition, and thereupon the defendant executed and delivered the note hereto attached, when the plaintiff gave up to the defendant the said note of sixty dollars.

On the day of the commencement of this suit, and after the writ in this cause had been served, the said defendant offered and tendered to the plaintiff, but subject to the condition that if the plaintiff took the amount so offered, it was to be in full payment of all claims of the said plaintiff, the amount of the note attached with the accrued interest thereon up to that date, together with costs for writ and service, which the plaintiff refused to receive, claiming that his demand was more than the amount so offered him. The money thus offered the plaintiff was returned into court by the defendant, and is now in the hands of the clerk. Before me, the plaintiff claimed on the facts aforesaid, that he was entitled to recover the amount of the note first above referred to and given up by him as aforesaid ; but I held otherwise, and decided and so find, on the aforesaid facts, that the plaintiff is entitled to recover the amount of the note attached with interest thereon, computed up to this 5th day of February, 1867, and amounting to forty-nine dollars and sixty cents.

But if the court, upon the facts above reported, should hold and decide that the plaintiff is entitled to recover the amount of the note herein first above referred to, and given up to the defendant, then I find that the plaintiff recover of the defendant the amount of said note with interest, computed up to said 5th day of February, 1867, and amounting to ninety-five dollars and ten cents.

On the report of the referee, filed in said cause, the court, at the September term, 1867, AINSWORTH, Assistant J., presiding, rendered judgment, *pro forma*, for the sum of ninety-five dollars and ten cents damages, and his costs, to which judgment the defendant excepted.

*H. G. Wood*, for the plaintiff.

*J. C. Baker*, for the defendant.

The opinion of the court was delivered by

WILSON, J., The referee finds that the defendant on the 5th day of February, 1863, by agreement of the parties, executed his note of $40, and delivered it to the plaintiff; that the plaintiff then received said note in satisfaction of a note he then held

against the defendant of $60, dated May 4, 1857, and that the plaintiff, at the time he so received the note of $40, surrendered to the defendant the original note. The facts of this case bring it within the principle decided in the case of *Ellsworth* v. *Fogg & Harvey*, 35 Vt., 355. In that case the court held that the acceptance by the holder of a promissory note of part of the amount due upon it, in satisfaction and discharge of the whole note, and the surrender of the note by the holder to the maker to be canceled, is a full discharge of the note and no action can be maintained for the unpaid portion. In that case the court recognize the old decisions, that pent of part in discharge of the whole does discharge the whown by a release under seal, but if shown by a written agreement, or receipt, or any proof short of a release, it does not. The court there held that the surrender of a note, by the owner to the maker to be canceled, is equivalent to a release. In this case the note of $40 was received by the plaintiff as payment of the note of $60, which was surrendered to the maker. The legal effect of the accord and satisfaction, as a discharge of the original note, is the same as it would be if the $40 had been paid in money at the time that note was surrendered.

The tender, having been made subject to the condition that if the plaintiff took the amount offered it was to be in full payment of all claims of the plaintiff, is invalid. The case does not show that the plaintiff said or did anything at the time the tender was made, that would operate as a waiver of his right on trial to object to the conditional form in which the money was offered. The judgment of the county court is reversed, and judgment for plaintiff to recover the lesser sum reported by the referee.