ATTORNEY GENERAL *vs.* SUPREME COUNCIL AMERICAN
LEGION OF HONOR.

LAW'S CLAIM.
MANDEVILLE'S CLAIM.[1]

Suffolk.   March 18, 22, 1910. — May 24, 1910.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & RUGG, JJ.

*Fraternal Beneficiary Corporation.   Release.   Interest.*

Upon the question whether a member of a fraternal beneficiary corporation had
acquiesced in a by-law reducing the amount to be paid for death benefits, which
was adopted by the corporation in good faith and afterwards was held to be
invalid, so as to bar the beneficiary under his certificate from sharing, to the
amount of the balance of the death benefit, in an emergency fund in the hands
of the receiver of the property of the corporation appointed under R. L. c. 119,
§ 19, to settle its affairs, it appeared that the deceased member paid to the col-
lector of the local council an assessment "or perhaps more than one" on the old
basis, and that the collector sent it to the corporation, and that it was, or they
were, refused, that thereafter the member continued to tender to the collector
full payment of every assessment on the old basis, and that the collector on his
remittance blanks which he sent to the supreme secretary "made a note of this
tender." It further appeared that the member died nearly two years before the
appointment of the receiver and that about three months after his death the
beneficiary was paid a death benefit at the reduced rate and surrendered the cer-
tificate for cancellation. *Held,* that the protest of the member was sufficient to
preserve his right to share in the emergency fund for the difference between the
amount paid on the certificate and the amount due by its terms before the adop-
tion of the by-law, and that this right had not been lost by the beneficiary by
his surrender of the certificate on payment of the reduced amount. *Held, also,*
that in determining the amount to which the beneficiary was entitled, there
should be deducted from the full amount of the death benefit on the old basis,
with interest thereon to the date of the appointment of the receiver, (1) the
amount of the difference between the assessments on the old basis (without
interest where tenders had been made) and the assessments paid on the reduced
basis, with interest from the several dates on which they were paid to the
date of the appointment of the receiver, and (2) the sum already paid to the
beneficiaries.

The rule that the surrender of a negotiable instrument operates as a release does
not apply to the surrender of a common law contract to pay money upon a
certain event, such as is contained in a certificate of a fraternal beneficiary
corporation.

Upon the question whether a member of a fraternal beneficiary corporation or the
beneficiary claiming a death benefit under his certificate had acquiesced in a by-
law reducing the amount to be paid for death benefits, which was adopted by
the corporation in good faith and afterwards was held to be invalid, so as to bar
the beneficiary from sharing, to the amount of the balance of the death benefit,
in an emergency fund in the hands of the receiver of the property of the corpo-

ration appointed under R. L. c. 119, § 19, to settle its affairs, it appeared that the member before his death paid without protest six assessments upon the reduced basis for a period of five months, but that no notice had been given to the members of the local council to which he belonged of the by-law or of the "proposed or attempted reduction" in the amount to be paid for death benefits, and that at the time of his death he was a feeble old man eighty-two years of age, who apparently transacted business only with his son. There also was evidence that previously there had been changes in the amount of assessments made by a change in the rates. It appeared further that the beneficiary accepted the reduced amount, stating at the time that it was taken as a payment on account and that he reserved all his rights, that this statement was made to a "local officer" but that it was brought to the knowledge of the corporation by the changes made by the beneficiary in the receipt signed by him which it was the duty of the "local officer" to procure, and which was sent by him to the corporation. *Held*, that the court were not satisfied that the member knew of the adoption of the by-law, and that the beneficiary was entitled to share in the emergency fund to the amount of the balance of the death benefit.

LORING, J.   Law's claim (claim 156) is another of the seventeen appeals from the decree of October 29, 1909.   See *Attorney General* v. *American Legion of Honor* (*Hall's Claim*), *ante*, 158.

In this case the member died on June 9, 1902, and on September 22, 1902, the beneficiaries were paid $2,000 and surrendered the certificate for cancellation.

The local collector made an affidavit that after the adoption of by-law 55 the member paid him "an assessment, or perhaps more than one," on the old basis, and that he sent it or them to the defendant at Boston. That it or they were refused, but the member "continued to tender me full payment on every assessment," and on his remittance blanks to the Supreme Secretary "I made a note of this tender."

No evidence to control the facts so testified to was introduced. We think that this was a sufficient protest to preserve the rights of the member and that he is now entitled to share in the emergency fund for the difference between what was paid the beneficiaries and what is now due (see *Dunlavy's Claim*, *ante*, 168, and cases there cited), unless this claim has been released by the surrender of the certificate for cancellation.

It is laid down in Byles on Bills, (13th ed.) 199, that: "It is a general rule of law, that a simple contract may before breach, be waived or discharged, without a deed and without consideration; but after breach there can be no discharge, except by deed, or upon sufficient consideration." This was stated in

*Dobson* v. *Espie,* 2 H. & N. 79, 83, to be an accurate statement of the law. To that effect see *Foster* v. *Dawber,* 6 Exch. 839 ; Leake on Contracts, 654 ; Addison on Contracts, (10th ed.) 160.

It is true that the surrender of a negotiable instrument operates as a release. *Slade* v. *Mutrie,* 156 Mass. 19. *Larkin* v. *Hardenbrook,* 90 N. Y. 333. *Ellsworth* v. *Fogg,* 35 Vt. 355. *Draper* v. *Hitt,* 43 Vt. 439. *Vanderbeck* v. *Vanderbeck,* 3 Stew. 265. *Young* v. *Power,* 41 Miss. 197. *Stewart* v. *Hidden,* 13 Minn. 43. See also *Simons* v. *American Legion of Honor,* 178 N. Y. 263, 268. But that rule depends upon the law merchant. *Foster* v. *Dawber,* 6 Exch. 839. *Cook* v. *Lister,* 13 C. B. (N. S.) 543, 592. *Dobson* v. *Espie,* 2 H. & N. 79, 83. Byles on Bills, (13th ed.) 199, 200. Leake on Contracts, 565, 654. Addison on Contracts, (10th ed.) 160.

We are of opinion that the rule applied in *Slade* v. *Mutrie,* 156 Mass. 19, does not apply to common law contracts.

The sum to which these beneficiaries are now entitled is to be found as follows: From $5,000 with interest to August 12, 1904, there is to be deducted (1) the amount of the difference between the assessments due on the $5,000 basis (without interest where tender was made) and the assessments paid with interest from the several dates on which they were paid to August 12, 1904; and (2) the sum already paid to the beneficiaries.

*Decree accordingly.*

In MANDEVILLE'S CLAIM (claim 132), the member died on March 10, 1901, after paying without protest six assessments of the reduced amount for a period of five months. On December 26, 1901, the beneficiary accepted $1,900, stating at the time that it was taken as a payment on account and that she reserved all her rights. It is true that this was said to the " local officer," but it was sufficiently brought home to the defendant corporation by the changes made by the beneficiary in the receipt (which it was the duty of the " local officer " to procure) sent by the " local officer " to the defendant.

We have held in *Dunlavy's Claim, ante,* 168, that unless there is evidence to the contrary each member must be taken to have known of the adoption of by-law 55. In the case at bar there

was evidence to the contrary: " The local collector says, ' No notice was ever given to members of the proposed or attempted reduction in the amount of $5,000 certificates by Binghamton Council.' " In addition the member at the date of his death was an old man of eighty-two years of age and feeble. Apparently the only business he transacted was with his son. There was also evidence that there previously had been changes in the amount of assessments made by a change in the rates through an amendment of the by-laws.

Under these circumstances we are not satisfied that the member knew of the adoption of by-law 55, and the beneficiary is now entitled to the relief stated in *Law's Claim*.

*Decree accordingly.*

*H. A. Wyman*, receiver, *pro se.*

*S. C. Bennett, (L. C. McBride* of Texas with him,) for the claimant Law.

*S. C. Bennett*, for the claimant Mandeville.

*J. J. Higgins & A. L. Goodwin*, for the members in good standing.