## HARRIS LEVY *vs.* FRANKLIN SAVINGS BANK.

Suffolk. Nov. 12, 1874. — April 1, 1875.

A by-law of a savings bank, entitled " Security against fraud," was as follows: " As the officers of the institution may be unable to identify every depositor, the corporation will not be responsible for loss sustained, when a depositor has not given notice of his book being stolen or lost, if such book be paid in whole or in part on presentment. In all cases a payment upon presentment of a deposit book shall be a discharge to the corporation for the amount so paid." *Held*, that a depositor who had subscribed to the rules and by-laws of the bank could not maintain an action to recover from the bank the amount of a forged order which, upon production and delivery to it of the depositor's book, the bank paid, to the person presenting the order, in the exercise of reasonable care and in good faith, although the plaintiff was ignorant that his book had been taken from him.

CONTRACT to recover $30 deposited by the plaintiff with the defendant. Trial in the Superior Court before *Brigham*, C. J., who allowed a bill of exceptions in substance as follows:

It appeared that the said sum had been deposited with the defendant. The defendant introduced evidence tending to show that a third person had presented at the bank an order for the above amount purporting to be signed by the plaintiff, together with the plaintiff's book of deposit, and that the bank had paid the sum to the party so presenting the order and deposit book. The plaintiff contended that the order was a forgery, and that the book, if presented, had been fraudulently taken or stolen from him. The defendant introduced evidence tending to show that it had paid the money in good faith and with the exercise of reasonable care; and also that the plaintiff had subscribed and agreed to the rules and by-laws of the bank, and that a copy of the by-laws was contained in his deposit book. The defendant had received no notice that the deposit book had been fraudulently taken or stolen from the plaintiff. One of the by-laws was as follows : " Sec. 4. Security against Fraud. As the officers of the institution may be unable to identify every depositor, the corporation will not be responsible for loss sustained, where a depositor has not given notice of his book being stolen or lost, if such book be paid in whole or in part on presentment. In all cases a payment upon presentation of a deposit book shall be a discharge to the corporation for the amount so paid."

The defendant contended, and asked the judge to rule, that if it had thus paid over the money in good faith on presentation of the deposit book, it was not further responsible to the plaintiff, particularly if reasonable care had been exercised in such payment.

But the judge ruled that if a deposit book comes into possession of a person not its owner, by fraud or theft, without knowledge of the owner of it, and, before he obtains knowledge of the fact that it has thus left his possession, it is presented to the bank which issued it, and thereupon the moneys to the deposit of which it relates are paid by the bank, the bank will not be protected in such payment against the owner of the deposit book. The jury found for the plaintiff, and the defendant alleged exceptions.

*U. H. Crocker & H. H. Sprague*, for the defendant.

*C. J. Brooks*, for the plaintiff. The by-law does not apply ; for the money was paid, upon an alleged forged order, to a third

person, not claiming to be the depositor. The possession of a deposit book would not establish the identity of a payee. The case finds that if the payee had possession of the deposit book, it was but a temporary possession, and that without the knowledge of the plaintiff. The disputed amount was not paid on account of the presentment of the book, but upon presentment of a forged order. It was not an order for the entire deposit, but for a part only. The ruling of the presiding judge was correct. The ruling contended for by the defendant is unreasonable, as asking the depositor to give notice of the existence of a fact of which he is himself ignorant. *Jochumsen* v. *Suffolk Savings Bank*, 3 Allen, 87, and cases cited.

MORTON, J. The plaintiff contends that the sole object of the by-law is to protect the bank against the risk of mistake as to the personal identity of its depositors, and therefore that it does not apply to a case where there has been no mistake as to identity, but the bank has paid upon a forged order purporting to be signed by the depositor. This argument would be very strong, perhaps conclusive, if this by-law had not contained the last clause. It would then have been the same, with only immaterial verbal changes, as the by-law considered in the case of *Jochumsen* v. *Suffolk Savings Bank*, 3 Allen, 87, cited by the plaintiff. But the added provision, that " in all cases a payment upon presentation of a deposit book shall be a discharge to the corporation for the amount so paid," enlarges the by-law, and extends its operation to other cases than those in which there is a mistake as to the identity of the depositor. Unless it has this effect, it is without force and useless. The bank is obliged to deal with a very large number of depositors, most of whom must be strangers to its officers. They are unable to identify the persons of the depositors, and it is equally impossible that they should know their handwriting. The danger of fraud, by payments upon forged orders accompanied by the book, may be as great as by payments to persons who falsely personate the depositor and present the book. In either case, we think the purpose of the by-law was to authorize the bank to rely upon the presentation of the book as its security against fraud.

In the case at bar therefore a majority of the court is of opinion that if the bank, using reasonable care, in good faith, paid

the whole or a part of the plaintiff's deposit upon the presenta-
tion of his book, it is a case provided for by the by-law, and the
corporation is discharged to the amount so paid.

*Exceptions sustained.*