OWEN GOLDRICK *vs.* BRISTOL COUNTY SAVINGS BANK.

Bristol.   October 25.—30, 1877.   LORD & SOULE, JJ., absent.

A depositor in a savings bank, one of whose by-laws, contained in his deposit book, provides that, "as the officers of the institution may be unable to identify every depositor, the institution will not be responsible for any loss sustained, when a depositor has not given notice of his book being stolen or lost, if such book be paid in whole or part, on presentation," cannot maintain an action against the bank for an amount which, in good faith and without notice that the book had been stolen, it paid to a person who, fraudulently personating the depositor, presented the book and obtained the amount.

CONTRACT to recover $150 deposited by the plaintiff with the defendant.   Trial in the Superior Court, without a jury, before *Brigham*, C. J., who found the following facts:

The plaintiff first deposited moneys with the defendant in January, 1864, and, from that time until July, 1874, made once or twice in each year deposits of money.   The defendant's treasurer or clerks paid, on August 25, 1871, $100, and on September 25, 1871, $50, to a person, not the plaintiff, or authorized to have the plaintiff's bank book, or authorized to receive the money, who at those times exhibited to the defendant's treasurer or

clerks the bank book, and requested and received payment of the money, giving to the defendant at the same time, in the plaintiff's name, a written acknowledgment on the books of the defendant of the receipt of the money. It did not appear in evidence who the person was who fraudulently personated the plaintiff, or whether the same person thus acted on both occasions in exhibiting the bank book and receiving the money. The plaintiff was not able to write his name, and was accustomed, when required to sign his name, to make his mark in the form of a cross. The person who obtained the money made a cross against the plaintiff's name, written by the defendant's treasurer or clerk, in acknowledging the receipt of the money on the defendant's books.

The plaintiff's bank book, on August 25, 1871, and on September 25, 1871, was kept by him in his trunk, in the house where he lodged, and had never to his knowledge been taken from the trunk, unless by himself. In October, 1872, a question arose between the plaintiff and the defendant as to the amount to be credited on the defendant's books for interest on his deposits, and, incidentally to this question, a dispute as to the amount of the principal sum of such deposits, upon which he was entitled to have interest computed ; and then, for the first time, it was discovered by the plaintiff, as well as by the defendant, that the sum of $150 had been paid under the above circumstances. The person of the plaintiff, on August 25, 1871, and September 25, 1871, was not familiarly known to the defendant's treasurer or clerks, and at those times there were several thousands of persons with whom the defendant had occasion from time to time to transact business, in making and withdrawing deposits of money, in the ordinary course of its business.

Upon discovery of the payment of the money by the defendant to the person who fraudulently personated the plaintiff in obtaining the same, the plaintiff demanded it of the defendant, and, his demand being refused, brought this action.

The plaintiff's bank book, containing a copy of the defendant's by-laws, was introduced in evidence, one of the by-laws being as follows : " As the officers of the institution may be unable to identify every depositor, the institution will not be responsible for any loss sustained, when a depositor has not given notice of

his book being stolen or lost, if such book be paid, in whole or part, on presentation."

The judge ruled upon these facts that the action could not be maintained, and ordered judgment for the defendant. The plaintiff alleged exceptions.

*L. Lapham*, for the plaintiff.

*H. J. Fuller*, (*E. H. Bennett* with him,) for the defendant.

MORTON, J.   One of the by-laws of the defendant bank provides that, "as the officers of the institution may be unable to identify every depositor, the institution will not be responsible for any loss sustained, when a depositor has not given notice of his book being stolen or lost, if such book be paid, in whole or part, on presentation." When the plaintiff made his deposits, he assented to the by-law, and it thus became a part of the contract between the parties.   The plain object of this by-law was to exonerate the bank from loss occasioned by the inability of its officers to identify the depositor, and to throw upon the depositor the risk of keeping his book safely.

The presiding judge, who tried the case at bar without a jury, was justified in finding, upon the evidence, that the bank in good faith and without negligence paid the amount which is sued for, upon presentation of the plaintiff's book, to some person who had stolen or otherwise obtained possession of it, and who fraudulently personated the plaintiff, no notice that the book was stolen having been given to the bank.   This is exactly the case which the by-law was intended to provide for, and the plaintiff cannot recover without a violation of the terms of the contract which the bank made with him.   *Wall* v. *Provident Institution for Savings*, 3 Allen, 96.   *Levy* v. *Franklin Savings Bank*, 117 Mass. 448.                        *Exceptions overruled.*