<hr />

BERNARD DONLAN, executor, *vs.* PROVIDENT INSTITUTION FOR SAVINGS.

Suffolk.  March 4. — July 24, 1879.

A. deposited money in a savings bank, whose by-laws, contained in his deposit book, provided that the bank will not be responsible for loss sustained, when a depositor has not given notice of his book being stolen or lost, if such book be paid in whole or in part on presentment; that the bank does not undertake to be answerable for the consequences of mistakes as to identity, if it pays to a wrong party upon the bank book being presented; and that every depositor shall sign the by-laws and agree to conform to them, and in case of the loss or theft of the bank book shall give immediate notice thereof to the bank. A., who subscribed to the by-laws by making his mark, was unable to read, but that fact was unknown to the bank. After the death of A., of which the bank had no actual notice, it paid the amount deposited, without negligence and without notice that the book had been stolen, to B., who, fraudulently personating A., presented the book. After A.'s death, and before payment by the bank, his executor published the usual probate citation, addressed to the heirs at law, next of kin, and all persons interested in his estate, to appear and show cause, if any, against the probate of his will. *Held*, that the executor of A. could not maintain an action against the bank for the amount so paid.

COLT, J.  The Provident Institution for Savings paid the amount due on Ellen Donlan's bank book to a person unknown, who, after the death of Ellen, presented the book for payment,

representing herself to be the person therein named, the de-
fendant then believing her to be the original depositor. The
plaintiff, as executor of her will, now demands payment of the
same. In defence of the action, the bank relies upon certain of
its by-laws, made to guard against fraud in withdrawing deposits,
which limit its responsibility for payments made under the cir-
cumstances here disclosed. These by-laws declare that "the
institution will not be responsible for loss sustained, when a
depositor has not given notice of his book being stolen or lost, if
such book be paid in whole or in part on presentment," and that
it "does not undertake to be answerable for the consequences of
any mistake as to identity, if it pays to a wrong party upon the
bank book being presented." It is required that every depositor
shall sign the by-laws and agree to conform to them, and in case
of the loss or theft of the bank book shall give immediate notice
thereof to the bank. At the time the deposit in question was
made, a bank book evidencing the same was delivered to Ellen
Donlan, in which the foregoing regulations and by-laws were
printed. She also signified her assent and subscribed her name
to the same by making her mark. She was unable to read, but
that fact was unknown to the defendant. After her death, and
before payment by the bank, the executor published the usual
probate citation, addressed to the heirs at law, next of kin, and
all persons interested in her estate, to appear and show cause,
if any, against the probate of her will; but the bank had no
actual notice of her death.

The regulations adopted appear to be reasonable and proper,
with reference to the peculiar business for which such corpora-
tions are chartered, and the bank had authority under the laws
of this Commonwealth to make them. Gen. Sts. c. 57, § 147.
St. 1876, c. 203, § 18. The jury found that the defendant was
not guilty of negligence; and the instructions of the judge, that
the plaintiff's testatrix was bound by the regulations, that her
death was not a fact which the defendant was bound to know,
and that the publication of the citation of the probate court was
not notice to the defendants, as matter of law, were correct.

The by-laws which are intended thus to protect the bank
must be taken to have been assented to and made part of the
contract by Ellen Donlan when the deposits in question were

made ; they were subscribed by her with her mark ; they were printed in the book which she accepted as evidence of the terms of the contract ; the book with its printed contents was her only voucher against the bank. The bank had a right to presume, in the absence of fraud or imposition, that it had been read by or to her, or that she was informed of its contents, and was willing to assent to its terms without reading or hearing it read ; and her mere inability to write does not defeat this presumption. The contract thus made was intended to preserve the terms of the obligations assumed. And the defendant is not to be deprived of its protection by the wilful or negligent omission of the depositor to know its contents. *Grace* v. *Adams*, 100 Mass. 505. In *Rice* v. *Dwight Manuf. Co.* 2 Cush. 80, a paper of printed regulations was shown to have been given to and accepted by the plaintiff, as containing the terms of a contract of employment, but which was not signed by either party. The plaintiff denied knowledge of its contents ; but it was said, that, where a party enters into a written contract, in the absence of fraud he is conclusively presumed to understand the terms and legal effect of it, and to consent to them. And in *Withington* v. *Warren*, 10 Met. 431, which was an action on a note given in payment of an award, it was held that the defendant could not defend by showing that one of the arbitrators, upon the statement of the chairman that it was right, signed it without reading it, and that it was for a larger sum than was agreed on by the arbitrators, without showing that he was induced to sign by some fraud or misconduct. It would be peculiarly hazardous to the rights of savings banks if evidence of ignorance on the part of the depositor merely were permitted to control the presumptions which fairly arise from the transaction between them, and which the bank may well rely on. *Goldrick* v. *Bristol County Savings Bank*, 123 Mass. 320. *Levy* v. *Franklin Savings Bank*, 117 Mass. 448. *Wall* v. *Provident Institution for Savings*, 3 Allen, 96.

It is plain that the by-laws apply equally to the depositor and to his legal representatives. Their obvious purpose is to put upon the person who is entitled to the possession of the book the risk of keeping it safely. They declare in broad terms that " the institution does not undertake to be liable if it pays to

the wrong party, upon the bank book being presented," and the obligation to keep it safely after the death of the depositor rests upon those who have charge of the property belonging to the estate.

The citation of the Probate Court did not affect the defendant with notice, either actual or constructive, of Ellen Donlan's death. It was not directed to, nor seen by, the bank. It was in terms addressed to the heirs at law, next of kin, and all others interested in the estate. But the bank had no interest in the estate as a creditor, and no interest in or right to be heard on the question whether the will should be admitted to probate, or who should be appointed executor under it. It was a stranger to those proceedings. The fact that such a notice was published, and might have been seen by the defendant, bears upon the question of actual negligence on the part of the defendant in making the payment. But the jury have found that the defendant was guilty of no negligence, and therefore must have found that it paid without notice of the depositor's death. There is no rule by which the bank can be held conclusively bound to know of the death. It is settled in the law of agency, that the authority of the agent is determined by the death of his principal, at least as to all acts required to be done in his name, whether the fact of the death is known or not, and one reason sometimes given is that death is a public fact which all men are bound to know. *Marlett* v. *Jackman*, 3 Allen, 287, 294.

But the relation between the bank and the depositor is one of express contract, creating a limited liability, and not of agency. And there is no conclusive presumption that the defendant had knowledge of the death which can deprive it of the protection afforded by the terms of the contract, when payment is made to one who presents the bank book.　　　　*Exceptions overruled.*

*C. B. Southard*, for the plaintiff.

*F. C. Welch*, for the defendant.