ANN KIMINS *vs.* BOSTON FIVE CENTS SAVINGS BANK.

Suffolk. Nov. 12, 1885. — Jan. 12, 1886. DEVENS & GARDNER, JJ., absent.

A depositor in a savings bank agreed in writing to be bound by the regulations of the bank as contained in its by-laws. The deposit-book contained a copy of the by-laws, one of which gave the trustees power to alter or amend the by-laws. *Held*, that the right of the depositor to recover money paid by the bank to a third person on a forged order was to be determined by the by-laws in force when the original contract was made, and not by a by-law subsequently passed, of which he had no notice, whether the money sought to be recovered was deposited before or after the passage of the new by-law; and the provision of the Pub. Sts. *c.* 116, § 29, that the deposits may be withdrawn at such time and in such manner as the by-laws direct, does not make the new by-law a part of the contract.

CONTRACT to recover money deposited by the plaintiff with the defendant. Trial in the Superior Court, without a jury, before *Staples*, J., who allowed a bill of exceptions, in substance as follows:

The plaintiff was a depositor in the defendant bank, and had one of its usual books of deposit. This book showed a deposit on May 24, 1875, one on May 24, 1880, two in 1881, and one on April 24, 1882; also various payments, the first being on May 4, 1880, and the last in 1883. It was agreed that all these

payments were made on forged orders, purporting to be signed by the plaintiff, by her mark, and witnessed, directing the bank to pay the respective amounts to a certain person, who was the nephew of the plaintiff. This nephew forged the orders, and the respective amounts paid by the defendant correspond to the respective orders. Payments were made to said nephew on his presenting the respective orders and the plaintiff's deposit-book, wherein was entered the amount paid in each case, in the usual way, and the book was then returned to said nephew. In each case the book was stolen or fraudulently obtained from the plaintiff by said nephew, he knowing the place where the same was kept, and taken each time to get money on from the bank. The several deposits, as they appear in the book, were made by the plaintiff herself; and, after entry thereof, she received the book back again. A deposit was made on March 7, 1881. At this time the plaintiff's deposit-book showed three payments on forged orders. The plaintiff could neither read nor write, but it did not appear that the defendant had any knowledge that the plaintiff could not read, except in so far as such knowledge is imputable from the fact that the plaintiff, instead of signing her name, made her mark. The plaintiff had no knowledge that any sum had been drawn on the forged orders until the whole had been drawn, unless such knowledge is imputable to her on the facts herein appearing. The bank had no knowledge or information that the respective orders were forged, or that the book had been stolen or fraudulently taken from the plaintiff. The bank, when it paid the several amounts on the forged orders, paid the same in good faith, and used due diligence in the premises. The deposit-book presented to the plaintiff, when she made her first deposit, contained the by-laws, as they existed on May 24, 1875, the date of the first deposit, and the plaintiff duly subscribed at that time the rules and regulations of the bank (by making her mark, which was witnessed) in the following form: " The subscribers, whose signatures appear below, or the agents of such subscribers, agree to be governed and to abide by the regulations of this institution, as expressed in the by-laws of the same."

Among the by-laws contained in the plaintiff's bank-book was one giving the defendant's trustees power "to alter or amend these by-laws;" and the following: "As the officers of this

institution may be unable to identify every depositor transacting business at the bank, the institution will not be responsible for loss sustained where the depositor has not given notice of his book being stolen or lost, if such book be paid in whole or in part on presentment."

On September 13, 1875, this by-law was amended by adding thereto the following words: "In all cases a payment upon presentation of a deposit-book shall be a discharge to the corporation for the amount so paid."

This by-law, as amended, has been in force since that time. The amendment was duly made in accordance with the provisions of the by-laws for their amendment, but the plaintiff had no actual knowledge of such change in the by-laws, unless such knowledge is imputable to her from the facts herein stated, or she is presumed to have such knowledge. The bank did not give the plaintiff a new book with the by-law as amended, nor did the bank request the surrender of the old book and the acceptance of a new book containing the by-law as amended; and it is not the custom of the bank to give notice to depositors of change in the by-laws, or make any change in deposit-books in such cases; and her signature was not requested to the amended by-law, and it is not the custom of the bank to make request for signatures in such cases. The payments on the forged orders were all made after the by-law was amended.

On the foregoing facts, the judge ruled that the several amounts paid on forged orders could not be recovered in the action, and found and ordered judgment for the plaintiff for $4.32, the amount admitted by the defendant to be due the plaintiff, and interest on the same from the date of the writ. The plaintiff alleged exceptions.

*O. Stevens*, for the plaintiff.

*D. W. Gooch*, for the defendant.

W. ALLEN, J. The only defence is, that the defendant bank was authorized to make the payments to the plaintiff's nephew on the forged orders and the presentation of the deposit-book. The authority, if it existed, must have been given by the plaintiff when she made the contract of deposit, or must have arisen from an estoppel worked by her subsequent conduct. The facts stated do not show an estoppel, and the ruling of the court

that the plaintiff could not recover must have been on the ground that the contract authorized the payments. By the contract, the plaintiff agreed to be governed by the by-laws of the bank, and the by-laws were contained in the deposit-book given to her.

By the by-laws as they existed at the time the contract was signed by the plaintiff, the bank had no authority to make the payments. They authorized a payment to one who falsely personated the depositor in presenting the stolen book; *Goldrick* v. *Bristol County Savings Bank*, 123 Mass. 320; but not to one who falsely claimed to act under authority from the depositor. *Jochumsen* v. *Suffolk Savings Bank*, 3 Allen, 87. *Levy* v. *Franklin Savings Bank*, 117 Mass. 448.

The defendant does not dispute its liability, if the case is to be determined on the construction of the by-law in force when the contract was made; but it contends that the by-law of 1875 became incorporated into the contract between the parties, and a part of it. If this was so, it would have given the defendant authority to make the payments. *Donlan* v. *Provident Institution for Savings*, 127 Mass. 183.

No notice was given to the plaintiff of this by-law, and she had no knowledge of it, and the deposits made after it was passed must be taken to have been made under the original contract.

The defendant contends that the subsequent by-law became part of the contract of deposit, by force of the Gen. Sts. *c.* 57, § 147, (Pub. Sts. *c.* 116, § 29,) which provided that the deposits might be withdrawn at such time and in such manner as the corporation in its by-laws directed, and of the by-law existing when the contract was made, which provided for making changes in the by-laws, with the plaintiff's agreement to abide by the regulations of the institution as expressed in its by-laws.

The authority of the defendant to make by-laws regulating the time and manner in which deposits might be withdrawn did not empower it to change, without the consent of the plaintiff, a contract it had made with her, nor to discharge the debt to her by payment to a stranger; nor was it any part of the plaintiff's contract that the defendant might do this. See *Donlan* v. *Provident Institution for Savings, ubi supra.*

The by-law in question is not one which merely concerns the regulations of the institution as to the time and manner of paying deposits to depositors. It materially affects the contract of deposit in the interest of the bank, and not of the depositor; and, if it applies to contracts made before it was passed, it authorizes the bank to pay the money of depositors to those not authorized by the contract to receive it, and to relieve the bank from its obligation to pay it to the depositors. Authority to make such a material change in the contract, without the knowledge of the plaintiff, cannot be inferred from her agreement to abide by the regulations of the institution.          *Exceptions sustained.*