DANIEL McCARTHY vs. PROVIDENT INSTITUTION FOR
SAVINGS & another.

Suffolk.    June 2, 1893. — October 19, 1893.

Present: ALLEN, KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Savings Bank — Title to Deposit — Trust — Equity.*

Although the interest which a depositor in a savings bank has in the original deposit is not an interest in any particular fund, such a deposit, with the bankbook by which it is represented, may be conveyed in trust and become part of a trust estate.

If, after notice by A. that a sum of money deposited in a savings bank by B. as trustee for C. belongs to a fund of which A. is trustee for C., the bank pays the money to B., a bill in equity may be maintained by A. against the bank to recover the sum so paid.

BARKER, J.    The defendants do not object to the form of the action, and the Superior Court has treated it as a suit in equity brought by a trustee to reach and preserve for his trust property which is part of the corpus of his trust fund, and which has been diverted from it by the defendant Mrs. Barron while held by the defendant bank, with notice that it belonged to the trust and was claimed by the plaintiff as trustee.    The bank contends that the case is merely an attempt to collect from it a second time a deposit, which, in accordance with rules assented to by the depositor, it has once paid in good faith, upon presentation and surrender of the deposit-book.

The case is here upon the appeal of the bank from a final decree adjudging it to pay to the plaintiff a certain sum, with costs, and there is a report of facts, made in accordance with the provisions of St. 1883, c. 223, § 7.    As no requests for rulings and no rulings of law are reported, the question for decision is whether the decree is justified by the pleadings and the facts reported.

The property now in controversy was, on February 8, 1890, a deposit in the defendant bank in the name of Sarah Donovan, she having the deposit-book.    By an instrument of that date she assigned the deposit of which the book was the evidence

and the deposit-book to the plaintiff in trust, and delivered to him the book. He gave notice to the bank of the assignment and of the trust, and requested it to transfer the deposit to himself; but the bank refused to make the transfer without an order in the usual form, alleging as a ground for the refusal that by making the transfer upon the authority of the instrument of February 8, 1890, it might itself be charged with the execution of the trusts. This was early in March, 1890, and the result of the interview at that time between the plaintiff and the officers of the bank was that it need pay no attention to the assignment until it heard further from the plaintiff. About the 18th or 19th of the following May the plaintiff, at Sarah Donovan's request, let her take the bank-book to look it over; and on May 21 she left his house without returning the book to him, and, taking the book with her, went to live with the defendant Mrs. Barron. On May 26 she signed an order directing the bank to pay the sum of $980 to Mrs. Barron, and to charge the same to the account of the book, and delivered the order and the book to Mrs. Barron. On June 2, Mrs. Barron presented the order and the book to the bank, and was paid the $980, and redeposited that sum in the bank in the name of " Annie C. Barron, trustee for Sarah Donovan," receiving a new deposit-book therefor. On the next day, upon another order, dated June 3, 1890, and signed by Sarah Donovan, Mrs. Barron drew the balance of the original deposit, and surrendered the original book. Afterward, on the same day, the plaintiff, having been informed of the transfer of the $980, went again to the bank with the instrument of February 8, and left a copy thereof, and gave notice that he claimed under it, and was told that the account had been closed, and that his claim could not be recognized. After June 3, 1890, the bank, not heeding the claim of the plaintiff, paid to Mrs. Barron the $980 which she had deposited on June 2 in her name as trustee for Sarah Donovan. Before this suit was brought Sarah Donovan died, and Mrs. Barron was appointed executrix of her will. We are not informed when the suit was begun, but no defence of laches is claimed. It does not appear when Mrs. Barron withdrew the sum of $980, nor what disposition she has made of it. Personally and as executrix she files an answer disclaiming any interest in the controversy.

The facts found by the presiding justice are not stated by him with entire clearness, but our interpretation of his report is that the bank was in fact notified, on June 3, 1890, that the $980 deposited on June 2, 1890, in the name of Annie C. Barron, trustee for Sarah Donovan, by a transfer under her order of May 26, 1890, was part of the plaintiff's trust fund, and that it was claimed by him as trustee; and that, after such notice and disregarding it, the bank paid the money to Mrs. Barron.

While it is true that the interest which Sarah Donovan had in the original deposit was not an interest in any particular money or fund, as held in *Kimball* v. *Leland*, 110 Mass. 325, 327, (see also *Lewis* v. *Lynn Institution for Savings*, 148 Mass. 235,) it is plain that such deposits, with the bank-books by which they are represented, may be conveyed in trust and become part of a trust estate.   Upon the facts found in the report, the delivery of the book by Mrs. Donovan, and the assignment from her to the plaintiff, gave to him in trust a complete title to the book and to the fund represented by it.   See *Foss* v. *Lowell Five Cents Savings Bank*, 111 Mass. 285; *Davis* v. *Ney*, 125 Mass. 590.   But as he did not keep possession of the deposit-book, but gave Mrs. Donovan an opportunity to deliver it to Mrs. Barron with an order for payment to her, it may be conceded that the plaintiff would have no claim against the bank were it not for the re-deposit of the $980 on June 2, 1890, in the name of Annie C. Barron, trustee for Sarah Donovan, and for the notice given to the bank on the next day that the plaintiff claimed the money as a part of his trust under the instrument of February 8, 1890. If the transaction of Mrs. Barron with the bank had closed with the withdrawal of the original deposit, the bank would have been protected from any claim on the part of the plaintiff, both by its by-laws and by the fact that the plaintiff had given its officers to understand that it need pay no attention to the assignment to him until it heard further from him.   He had given the bank no further notice, and until his second notice, given on June 3, 1890, it was justified in allowing Mrs. Barron to withdraw the money upon presentation of the book accompanied by Mrs. Donovan's order.   See *Levy* v. *Franklin Savings Bank*, 117 Mass. 448; *Goldrick* v. *Bristol County Savings Bank*, 123 Mass. 320; *Donlan* v. *Provident Institution for Savings*,

127 Mass. 183; *Kimins* v. *Boston Five Cents Savings Bank*, 141 Mass. 33.

The right of the plaintiff rests upon the transactions subsequent to the withdrawal of the $980. It is the right which a trustee has in equity to follow trust property into the hands of one who takes or holds it with knowledge of the trust, and who, notwithstanding such knowledge, and in denial of the trustee's right, participates in diverting the property from the purposes of the trust. The doctrine is thus stated in 1 Story, Eq. Jur. § 533: "Trusts are enforced, not only against those persons who are rightfully possessed of trust property as trustees, but also against all persons who come into possession of the property bound by the trust, with notice of the trust. And whoever so comes into possession is considered as bound, with respect to that special property, to the execution of the trust," reference being made to *Thorndike* v. *Hunt*, 3 DeG. & J. 563; *Hopper* v. *Conyers*, 12 Jur. (N. S.) 328; *Hill* v. *Curtis*, L. R. 1 Eq. 90; and *Rayner* v. *Koehler*, L. R. 14 Eq. 262.

That one upon receiving a deposit has contracted to redeliver it to the depositor does not justify such a redelivery after notice that the deposit is the property of a third person, and the true owner may, by taking proper measures, compel delivery or payment to himself. The right to maintain replevin is often thus founded, and if the property deposited was money, an action of contract may be maintained by the true owner against the depositary. *McCluskey* v. *Provident Institution for Savings*, 103 Mass. 300. In case of a deposit in a savings bank by one person in trust for another, a specific contract between the depositor and the bank that the latter shall hold the fund for the benefit of the person of whom the depositor is said to be trustee does not preclude the depositor from recovering the deposit for his own use, if he is in fact the real owner. *Parkman* v. *Suffolk Savings Bank*, 151 Mass. 218, and cases cited.

In this case after the notice of June 3, 1890, the bank stood in the same position, with reference to the plaintiff and to the property represented by the new deposit-book and to Mrs. Barron, in which any person would have stood who, having received money on deposit from Mrs. Barron, was notified that it was in fact a portion of the plaintiff's trust property, and that

he claimed it as such. If the plaintiff might have sued Mrs. Barron at law and trusteed the bank, that was not his only remedy. Mrs. Barron, in her transactions with the bank, purported to act as a trustee for Sarah Donovan ; and the question whether she or the plaintiff should hold the fund is plainly one of which ,the court has jurisdiction in equity. The bank had knowledge from the transaction itself that it was receiving from Mrs. Barron funds held in trust for Mrs. Donovan. When it received the notice of June 3 from the plaintiff, it already knew that the $980 redeposited by Mrs. Barron as trustee for Sarah Donovan was the identical money which she had on the previous day drawn upon the order, and that it was a trust fund, and the plaintiff's notice must be taken to have informed it that the possession of the fund had been wrongfully obtained by Mrs. Barron, and that its ownership was in the plaintiff as the true trustee. Nothing occurred to deprive the fund of its identity. If it then belonged to the plaintiff as trustee, it remained his property; and by the notice of June 3 the bank was fully charged with knowledge of that fact.

It is not necessary to consider what would have been the effect if the money had been mingled by Mrs. Barron with other funds. The plaintiff's notice of June 3 was a sufficient demand for property then in the possession of the bank and clearly identified and distinguished, and the bank is answerable to him for having, in disregard of his notice, subsequently paid over to Mrs. Barron the money which the plaintiff claimed, and to which the decree has established his title. To this aspect of the case the by-laws concerning lost books do not apply.

*Decree affirmed.*

*J. A. Maxwell & S. H. Hudson*, for the plaintiff.

*F. C. Welch & W. E. Welch*, (*C. H. Tyler* with them,) for the Provident Institution for Savings.