JAMES E. KINGSLEY *vs.* WHITMAN SAVINGS BANK.

Plymouth.   October 21, 1902. — October 31, 1902.

Present: MORTON, LATHROP, BARKER, & LORING, JJ.

*Savings Bank.   Corporation*, By-laws.

A by-law of a savings bank was as follows: "As the officers of this institution may be unable to identify every depositor transacting business at the bank, the institution will not be responsible for loss sustained where the depositors have not given notice that their books have been stolen or lost, if the sums of money entered in such book shall have been paid in whole or in part on presentation of said book." *Held*, that the object of this by-law was to avoid loss from inability to identify the depositor, and that it did not prevent a depositor from recovering from the bank a deposit which had been paid by the bank to another person on presentation of the bank book with a forged order.

CONTRACT for money deposited by the plaintiff in the Whitman Savings Bank and paid by that bank to another person. Writ dated August 7, 1901.

At the trial in the Superior Court before *Bell*, J., without a jury, the defendant relied on the following by-law: "Article XXI. Identification of Depositors. As the officers of this institution may be unable to identify every depositor transacting business at the Bank, the Institution will not be responsible for loss sustained where the depositors have not given notice that their books have been stolen or lost, if the sums of money entered in such book shall have been paid in whole or in part on presentation of said book."

It appeared that on January 4, 1900, the plaintiff made a deposit in the defendant bank of $600, and received a deposit book, having printed in it the by-laws. At the same time he signed the books of the defendant, agreeing to be bound by the by-laws. The deposit book was kept by the plaintiff in his trunk at his house, and frequently he looked to see if it was there, but he never looked into the book itself. So far as he knew, no person except his wife and himself knew of the book or where it was kept. In August, 1901, his wife left him, and some time after that he took the book to the bank to have the interest on his deposit added to it. Upon presenting the book which he had, he learned that it was not the original book, and that the original had been paid in full and taken up by the bank. The defendant introduced orders, which purported to be signed by the plaintiff, calling for the payment of different sums of money to persons therein named, which sums had been paid to and receipted for by the persons presenting the orders. The last order called for the payment of the balance due, which amount was paid and receipted for, whereupon the book had been surrendered. The person presenting the orders in each case also presented the book, and the withdrawals were entered in the book at the times of payment. The plaintiff denied having signed any of the orders, and testified that he had no knowledge of them until he went to the bank and learned that his deposit had been withdrawn.

The judge found that the plaintiff was entitled to recover his deposit of $600 and also the dividends declared by the bank to the date of demand, and after that interest at six per cent. The defendant alleged exceptions.

*C. H. Edson & R. O. Harris*, for the defendant.

*C. S. Davis*, for the plaintiff.

LATHROP, J.    The defendant concedes that it could not jus-
tify the payments made under the ninth article of its by-laws,
but contends that it is not liable under the twenty-first article
of its by-laws.    Such an article has been previously before the
court.    In *Jochumsen* v. *Suffolk Savings Bank*, 3 Allen, 87, 88,
where the by-law was in substance the same, it was said by Mr.
Justice Dewey: "The object of this by-law was to avoid loss
occasioned by the inability of the officers of the bank to identify
the depositor."    And as in that case the payment was not made
through any mistake as to the identity of the person, the by-law
was held to be no defence.

In *Levy* v. *Franklin Savings Bank*, 117 Mass. 448, the by-law
was similar to that in the case before us, except that it contained
the following additional clause: "In all cases a payment upon
presentation of a deposit book shall be a discharge to the cor-
poration for the amount so paid."    This additional clause was
held to enlarge the by-law, and to distinguish the case from
*Jochumsen* v. *Suffolk Savings Bank;* and to protect the bank, if
it, using reasonable care, in good faith, paid the whole of the
plaintiff's deposit upon the presentation of his book, although
the book had been stolen and an order purporting to be signed
by the depositor forged.

In *Goldrick* v. *Bristol County Savings Bank*, 123 Mass. 320,
the by-law was similar to that in the case before us, and it was
held to protect the bank, where the book was presented by a
person who falsely personated the depositor.

In *Kimins* v. *Boston Five Cents Savings Bank*, 141 Mass. 33,
the by-law in force at the time of the deposit by the plaintiff
was similar to the one in the case before us.    Subsequently,
without notice to the depositor, the bank amended this by-law
by adding the words which appear at the end of the by-law, in
*Levy* v. *Franklin Savings Bank*, 117 Mass. 448.    The plaintiff's
bank book was stolen by his nephew, who presented forged
orders purporting to be signed by the plaintiff, and obtained the
money.    It was held that the amended by-law could not be
availed of, and that the original by-law did not prevent the
plaintiff from recovering.    While it is stated in the opinion that
the defendant did not dispute its liability if the case was to be
determined by the original by-law, the court considered the

question and stated the law as follows: " By the by-laws as they existed at the time the contract was signed by the plaintiff, the bank had no authority to make the payments. They authorized a payment to one who falsely personated the depositor in presenting the stolen book; . . . but not to one who falsely claimed to act under authority from the depositor. . . ."

We have no doubt that under our decisions this is a correct statement of the law, and that, on the facts of the case before us, the by-law has no application. It follows that the judge in the court below rightly ruled that the by-law, as matter of law, did not constitute a defence.

It remains to say a word in regard to a remark in the case of *McCarthy* v. *Provident Institution for Savings*, 159 Mass. 527, 529, where it is said that on the facts of that case the bank would have been protected from any claim on the part of the plaintiff " both by its by-laws," and under a fact stated. What the by-laws were does not appear from the report of the case. An examination of the original papers shows that they contained the clause which we have quoted in considering the case of *Levy* v. *Franklin Savings Bank, ubi supra*. The case therefore does not apply.

*Exceptions overruled.*