JOSEPH H. LATHROP, executor, *vs.* WILLIAM W. PAGE.

Suffolk. November 11, 1879; March 25. — June 24, 1880.

Part payment of a debt, after its maturity, is not a sufficient consideration for a discharge, not under seal, of the remainder.

In an action by the executor of C. against the indorser of a promissory note, it appeared that, before the maturity of the note, the plaintiff and the defendant executed an indenture, which recited that there had been a partnership between the defendant and C., which was dissolved by the death of C., and that an arrangement had been made by which the plaintiff, as executor of C., was to take all the property of the partnership and pay all its debts and liabilities, and also to release the defendant from all sums "which he may be owing said copartnership, amounting to $6000 more or less;" and by which the defendant assigned all the stock of goods, securities, debts and effects, in which he had any right by virtue of the copartnership, and all his interest therein, to the plaintiff, with full power to sue for, receive and collect the same; and the plaintiff covenanted that he would pay and discharge all the debts of the firm and would indemnify and hold the defendant harmless therefrom, and "doth hereby release and forever discharge" the defendant "from any and all sums which he is individually indebted to said partnership and to the estate of said C., being $6000 more or less." *Held,* that the indenture applied to such debts only as were due from the defendant to the former partnership; and that, it not appearing that the note in suit was a partnership transaction, it was not affected by the release.

CONTRACT by the executor of the will of Lorenzo S. Cragin against the defendant as indorser of a promissory note for $2500, dated August 6, 1875, payable two years after date to the order of the defendant, and signed by Harlan Page.   On the back of the note were the following indorsements:

"We hereby guarantee the payment of the within note at maturity, value received, waiving all right of notice and demand.

> "H. J. Culver.
> Chas. L. Currier.
> D. W. Page.
> C. N. Conkey.
> William W. Page."

"Received of H. J. Culver, C. L. Currier, D. W. Page and C. N. Conkey, Nov. 12, 1877, two thousand and sixty dollars on the within note, being four fifths of the amount thereof, and they are, in consideration thereof, hereby forever released from any attempt to collect from them or either of them the balance due on this note.   Joseph H. Lathrop, executor."

The answer contained a general denial; denied that the defendant indorsed the note, and alleged payment and a release. Trial in the Superior Court, without a jury, before *Brigham*, C. J., who found that Harlan Page made, and the defendant indorsed, the note declared on; that, at the maturity of the note, legal demand of payment was made on Harlan Page, who failed to make payment, and legal notice of such demand and failure of payment was duly given to the defendant; that the persons, whose names appear on the back of the note as guarantors thereof, were guarantors thereof, and were released, in manner and form as stated on the back of the note, and that the plaintiff and defendant executed an indenture the material parts of which appear in the opinion.

Upon these facts, the judge ruled that the plaintiff was not entitled to recover; ordered judgment for the defendant; and reported the case, for the determination of this court, on the question of law arising on the releases.   If the ruling was correct, the judgment was to stand; otherwise, a new trial to be had.

The case was argued at the bar in November 1879, by *S. Albee*, for the plaintiff, and *E. Avery*, for the defendant; and was afterwards submitted on briefs to all the judges.

AMES, J Two grounds of defence are advanced as an answer to the plaintiff's claim: first, that, by the memorandum indorsed upon the note, the plaintiff had released certain guarantors upon whom the defendant had a right to rely, and that the effect of this transaction was to release the defendant himself; and secondly, that, by the express terms of the indenture which is in the case, the plaintiff had released the defendant from all claims, including this particular one.

As to the first of these defences, even if the plaintiff had acquired any such right, legal or equitable, in the guaranty signed by Culver and others, that it was in his power to release the guarantors to the prejudice of the defendant, we do not find that he has done so. It appears that, about three months after the maturity of the note, and when, as we must suppose, the liability of the guarantors had become fixed, he received from them four fifths of the entire amount due, and gave each of them a release from the remainder. This was not the result of a general compromise with creditors, or of any arrangement to which the defendant was a party. There was no reservation of any rights against any other person, and it was nothing more than a promise, in consideration of payment of a part, to accept that part in full. The payment of part of an acknowledged debt after its maturity has often been held to be no sufficient consideration for a release, not under seal, of the remainder. It has no effect as an accord and satisfaction, and rests upon no legal or valid consideration. *Harriman* v. *Harriman*, 12 Gray, 341. *Potter* v. *Green*, 6 Allen, 442. *Jennings* v. *Chase*, 10 Allen, 526, and cases there cited.

We find it equally difficult to sustain the defence on the second ground. The indenture was made and executed in March 1877, about five months before the note became payable, and before it had been made certain that, by the failure of the previous parties to provide for it, it would ever become a debt actually due from the defendant. The indenture recites that there had been a partnership between the defendant and Cragin, which was dissolved by the death of Cragin; and that an arrangement had been made by which the plaintiff, as executor of Cragin, was to take all the property of the partnership, and pay all its debts and liabilities, and also to release the defendant

from all sums "which he may be owing said copartnership, amounting to $6000 more or less." It then sets forth that the defendant assigns all the stock of goods, wares, merchandise, securities, debts and effects, in which he has any right, &c. by virtue of said copartnership, and all his interest therein, to the plaintiff, with full power to sue for, receive and collect. The plaintiff on his part covenants that he will pay and discharge all the debts of the firm, and will indemnify and hold the defendant harmless therefrom, and that he "doth hereby release and forever discharge the said Page from any and all sums which he is individually indebted to said partnership and to the estate of said Cragin, being $6000 more or less." We are of opinion that this indenture was intended to provide for precisely the settlement described in the preamble to the instrument, and that it has no relation to any matters whatever, except such as belonged to or were connected with the partnership therein specifically described. This purpose of the indenture is distinctly expressed. The sums due from the defendant to the firm, and agreed to be released, are described in the preamble, and also in the clause containing the release, as "$6000 more or less," and we cannot doubt that both refer to the same description of claims. Whatever the defendant owed the firm under this arrangement he owed "to the estate of Cragin," and there is nothing on the face of the instrument to countenance the suggestion that the use of those words was intended to introduce into the settlement a different class of claims, having no connection with the partnership. There being no evidence that the note in suit was a partnership transaction, it is not affected by the release.

The result is, that neither of the defences relied upon can prevail, and, by the terms of the report, there must be a

*New Trial.*