GEORGE H. SLADE & another *vs.* JAMES MUTRIE.

Suffolk.   January 20, 21, 1892. — February 25, 1892.

Present: FIELD, C. J., ALLEN, KNOWLTON, MORTON, & LATHROP, JJ.

*Promissory Note — Part Payment — Extinguishment of Debt.*

The delivery of a promissory note by the holder to the maker, with the intention of transferring to him the title to the note, is an extinguishment of the note, and a discharge of the obligation to pay it.

CONTRACT to recover the balance of a promissory note.

At the trial, in the Superior Court, before *Hopkins,* J., it appeared that part of the name of the maker had been torn off the note, and that after its maturity, on October 12, 1882, the defendant paid to the plaintiffs the sum of one hundred and twenty-

five dollars, and thereupon received from the plaintiffs the note and a receipt " in full settlement of all accounts to date."

Upon the question whether the note was delivered to the defendant for the purpose of being cancelled and extinguished, there was conflicting evidence. The plaintiffs asked the court to rule that, upon the evidence, the defendant had made out no defence, and that the plaintiffs were entitled to recover the balance of the note after deducting the payment.

The court declined so to rule, and instructed the jury as follows : " If the plaintiffs, at the time they received the sum of one hundred and twenty-five dollars from the defendant, and gave him a receipt in full of all demands therefor, surrendered to the defendant the note in suit, with the intention that the same should be cancelled, and that the debt thereby evidenced should be extinguished, and intended to give to the defendant the balance of the debt, and that the payment made was to be in full for said debt, then the plaintiffs cannot recover upon the note ; but if the defendant asked the plaintiffs to take a part of the amount due them, and to give him the note and receipt in full of all accounts, in order that he might exhibit the same, and the defendant received the note and receipt upon his promise that he would pay the balance, and the plaintiffs surrendered the note and gave the receipt upon his promise to make payment subsequently of the balance, then the plaintiffs would be entitled to recover."

The jury returned a special finding that the plaintiffs intended to receive the one hundred and twenty-five dollars " in full for the debt then due," and further returned a general verdict for the defendant ; and the plaintiffs alleged exceptions.

*H. S. Milton*, for the plaintiffs.

*H. Albers*, (*G. L. Huntress* with him,) for the defendant.

FIELD, C. J.    The counsel for the defendant concedes that, by the law of this Commonwealth, the payment of a part of a debt after the whole debt has become payable is not a sufficient consideration to support a promise not under seal to discharge the remainder of the debt. *Brooks* v. *White*, 2 Met. 283. *Harriman* v. *Harriman*, 12 Gray, 341.    *Potter* v. *Green*, 6 Allen, 442. *Grinnell* v. *Spink*, 128 Mass. 25. *Lathrop* v. *Page*, 129 Mass. 19.    *Tyler* v. *Odd Fellows' Relief Association*, 145 Mass. 134, 137.    *Foakes* v. *Beer*, 9 App. Cas. 605.

The jury, in returning a general verdict for the defendant, must have found on the judge's charge that the note was surrendered by the plaintiffs to the defendant that it might be cancelled, and that the plaintiffs intended by delivering the note to the defendant to give him the note and discharge the remainder of the debt.

For certain purposes, a bill of exchange or a promissory note is regarded in this Commonwealth, not merely as evidence of a debt, but as the representative of a debt, or the debt itself. Each may be the subject of a gift, but to constitute a gift there must be a delivery by the owner to the donee, with the intention of passing the title.  *Grover* v. *Grover*, 24 Pick. 261.  *Sessions* v. *Moseley*, 4 Cush. 87.  *Bates* v. *Kempton*, 7 Gray, 382. *Chase* v. *Redding*, 13 Gray, 418.  See *Sheedy* v. *Roach*, 124 Mass. 472; *Pierce* v. *Boston Five Cents Savings Bank*, 129 Mass. 425; *Taft* v. *Bowker*, 132 Mass. 277; *McCann* v. *Randall*, 147 Mass. 81; *Cochrane* v. *Moore*, 25 Q. B. D. 57; *Gammon Theological Seminary* v. *Robbins*, 128 Ind. 85.

It follows from this, that the delivery of a promissory note by the holder to the maker, with the intention of transferring to him the title to the note, is an extinguishment of the note, and a discharge of the obligation to pay it.  *Hale* v. *Rice*, 124 Mass. 292.  *Stewart* v. *Hidden*, 13 Minn. 43.  *Ellsworth* v. *Fogg*, 35 Vt. 355.  *Vanderbeck* v. *Vanderbeck*, 3 Stew. 265.  *Jaffray* v. *Davis*, 124 N. Y. 164, 170.            *Exceptions overruled.*