SWOFFORD BROTHERS DRY GOODS COMPANY, Appellant, v. R. CURTIS GOSS, Respondent.

Kansas City Court of Appeals, February 3, 1896.

1. **Accord and Satisfaction**: DEFINITION: BAR. Accord and satisfaction is the substitution of another agreement between the parties in satisfaction of a former one, and the execution of the latter agreement; and this constitutes a bar to any action on the original claim; but accord without satisfaction does not bar the action.

2. ———: ACCEPTANCE OF A LESS PAYMENT. An acceptance of a less sum in satisfaction of a greater sum due, without a release of the residue, is no extinguishment of the greater debt, unless there is some other collateral consideration to support it.

3. ———: EXECUTION: JURY QUESTION. The evidence in this case does not tend to establish an accord, much less an accord and satisfaction; and that question was improperly submitted to the jury.

4. **Estoppel**: LIMITATIONS. Where plaintiff and defendant had an understanding that plaintiff would accept defendant's accord in full or partial discharge of plaintiff's claims against defendant upon an adjustment of their accounts, and defendant by reason thereof relies thereon and does not bring action on his claim within the statutory limitation, then plaintiff is estopped to invoke the statute of limitations in bar of defendant's claim when set up as an offset to an action on plaintiff's account.

*Appeal from the Barton Circuit Court.*—Hon. Daniel P. Stratton, Judge.

Reversed and remanded.

*Thurman & Wray* and *Ellis & Cook* for appellant.

(1) Upon the pleadings and evidence it was error to submit to the jury the issues sought to be raised by defendant's second amended answer. *Zwisler v. Storts,* 30 Mo. App. 163. (2) Tender of performance can never take the place of satisfaction, unless accepted. Accord, to be good, must be in full satisfaction and must be executed. Readiness to perform is not enough. "The execution of the accord must be complete and perfect." 1 Am. and Eng. Encyclopedia of Law, p. 95; 2 Pars. Contracts [7 Ed.], 818; *Bank v. DeGraw,* 23 Wend. 342; *Flack v. Garland,* 8 Md. 188, 191; *Blackburn v. Ormsby,* 41 Pa. St. 57; *Coblentz v. Mfg. Co.,* 40 Ark. 180. (3) "Accord and satisfaction of a due and undisputed claim must be advantageous to the creditor, and he must receive an actual benefit therefrom which he would not otherwise have had." 1 Am. and Eng. Encyclopedia of Law, p. 96; 2 Greenleaf, Ev., sec. 28; 2 Parsons, Contract [7 Ed.], 822; *Reilly v. Kershaw,* 52 Mo. 224; *Perkins v. Headley,* 49 Mo. App. 556; *Warren v. Skinner,* 20 Conn. 559. (4) An agreement by a creditor to accept payment of a part of his debt in satisfaction of the whole, where such part payment is a mere part performance or the original obligation, and which, in consequence, confers no new benefit on the creditor and imposes no new burden on the debtor, does not constitute an accord and satisfaction. 1 Am. and Eng. Encyclopedia of Law, 99; *Mullin v. Martin,* 23 Mo. App. 539; *Reilly v. Kershaw, supra; Helling v. United Order of Honor,* 29 Mo. App. 309; *Howard v. Norton,* 65 Barb. 169.

*Cole & Burnett* and *Adams & Adams* for respondent.

(1) The court committed no error in submitting the case to the jury.    Where there is a scintilla of evidence the jury has the right to pass upon the evidence and the weight of it, and also apply it to the facts; and it is not only the province but the duty of the court to submit the case to them under the proper instructions.    Hence plaintiff's demurrer was properly overruled by the court.    *Rice v. McFarland*, 41 Mo. App. 489; *Zwisler v. Storts*, 30 Mo. App. 163; *State v. Clawson*, 32 Mo. App. 93; *Williams v. Monroe*, 125 Mo. 574; *Rosecranz v. Railroad*, 83 Mo. 678; *State v. Messick*, 71 Mo. 401; 1 Thompson on Trials, secs. 1037, 1038, 1039, and authorities cited in notes.    (2) There is a difference of opinion as to the purpose of the reception of this itemized statement, Morris claiming that it was accepted in full satisfaction of appellant's claim against Goss, while appellants claim this is not true.    The court properly submitted the fact to the jury.    *Helling v. The United Order of Honor*, 29 Mo. App. 309; *Cahn v. Reid & Bungardt*, 18 Mo. App. 115–132; *Maack v. Schneider*, 51 Mo. App. 92; *Brink v. Garland*, 58 Mo. App. 356; *Kendall, Jones & Co. v. Hartsock*, 58 Mo. App. 234.    (3) Not only was there direct evidence to warrant the giving of the instruction, but the further fact that for more than four years after the settlement, and not until appellants knew that the statute of limitations would bar respondent's claim, did appellants raise any question as to the validity of the settlement. It seems to have been a deep laid scheme to cheat an honest customer and employee out of his just rights; and appellants are estopped at this time from denying the legitimacy of the satisfaction.    *Hill v. Blackwelder*, 113 Ill. 283; *Tiffany v. Anderson*, 55 Iowa, 405; *Pitcher*

*v. Dare,* 69 Ind. 175; *Blair v. Wait,* 49 N. Y. 113; *Raly v. Williams,* 73 Mo. 310; *Burke v. Adams,* 80 Mo. 504; *Moules v. Beldon,* 80 Mo. 639.

SMITH, P. J.—The plaintiff corporation sued the defendant on four promissory notes, for $100 each, and on an account for merchandise sold by the former to the latter, amounting to $327.35.

The answer alleged that for a valuable consideration the defendant became possessed of a certain account which was owing by the plaintiff to R. J. Morris, amounting to $870.50. It further alleged that the defendant, being the owner of said account, then and there offered and proffered the said plaintiff company to pay and discharge the said notes and account, by the delivery of said account so due the said R. J. Morris, as aforesaid, to the said plaintiff, the same to be delivered in full and entire satisfaction, one for the other; that the said plaintiff then and there represented that it was not fully apprised of the facts in reference to said account, but that if said proposition was not satisfactory, upon further investigation, the said plaintiff would so notify said defendant. That no notice of dissatisfaction had ever been given by plaintiff, or received by defendant.

These allegations of the answer were controverted by the replication.

The defense of accord and satisfaction pleaded in the answer finds no support in the evidence, unless it be in the testimony of said Morris. He testified:

"I went into Mr. Swofford's office and told him I had come up to see if we could fix up the account between them and Mr. Goss; that they had a claim against Mr. Goss, and that they owed him, and I would like to have a settlement in some way. And I told him that the accounts were very nearly alike, and that

I wanted to put one account against the other and make a settlement and get rid of the whole thing; what I wanted was to get the thing all settled between them and us. He said he was not fully informed in the matter, but that he would look the matter up, and I told him that I would go to North Missouri to visit my mother for a few days, and I would be back in a few days to see if we could fix it up. I asked him on returning if they were ready to fix up the matter, and I couldn't get much satisfaction out of him at either time, and I finally told him I was going back to Pedro, and that is where I would be, and he said that if my proposition wasn't satisfactory, that he would write and let me know. I wanted to get the thing squared up."

There was testimony adduced tending to prove the account of the defendant and the assignment of it by Morris to defendant, and that Morris was acting as agent for defendant in the matter of the attempted settlement. There was no dispute as to the correctness of the plaintiff's notes and account. It is conceded that the amount of the plaintiff's claims exceeded that of the defendant by something like $100.

The principal question for decision is, whether the evidence was sufficient to authorize the submission of the case upon the theory of an accord and satisfaction.

An "accord" is defined to be "an agreement in case of a contract, where the creditor agrees to accept some other thing in lieu of that which is contracted or promised." Anderson's Law Dict. 15. Accord and satisfaction is the substitution of another agreement between the parties, in satisfaction of the former *and the execution of the latter agreement.* 1 Am. and Eng. Encyclopedia of Law, 94; *Pulliam v. Taylor,* 50 Miss. 251. Accord and satisfaction forms a complete bar to any further action on the original claim, *but accord,*

*without satisfaction, does not bar the action, nor vice versa.* Am. and Eng. Encyclopedia of Law, 94, and cases there referred to.

Whether an accord, with a *tender of satisfaction,* is sufficient without acceptance, is a point upon which the authorities are not agreed. It is, however, perfectly clear that a mere agreement to accept a less sum, in composition of a debt, is not binding and can not be set up in bar of an action on the original contract. 2 Greenl. Ev., sec. 31. The accord must be executed. *Bank v. De Graw,* 25 Wend. 342. Accord and satisfaction must be advantageous to the creditor. He must receive from it a distinct benefit which otherwise he would not have had. 2 Parsons on Contracts, 822.

In *Coblentz v. Mfg. Co.,* 40 Ark. 181, it was declared that an agreement by a judgment creditor, without consideration, to accept a less sum than the amount of the judgment, in full satisfaction of it, *is an accord unexecuted*—an agreement without consideration and invalid. "A mere agreement to accept less than the real debt would be *nudum pactum.*" So Lord ELLENBOROUGH, in 11 East, 390, is reported to have said: "It is true that if a creditor simply agree to accept a less sum from his debtor than is his just demand, that it will not bind him." And this seems to be the established law. And it is the equally well settled law, that where there is nothing more than the simple payment—an acceptance of a less sum of money in satisfaction of the greater sum due, without a release of the residue, it is in law no discharge or extinguishment of such greater debt. But if, in addition to the payment, there be some other collateral consideration such as in the law is sufficient to support a contract, then the agreement to relinquish the residue is not *nudum pactum.* Such collateral or additional consideration may consist of anything which would be a

burden or incumbrance to the one party or a possible benefit to the other. *Maddox v. Bevan*, 39 Md. 485; *Lathrop v. Page*, 129 Mass. 19; *Howard v. Norton*, 65 Barb. 161.

And the supreme court of this state, in *Riley v. Kershaw*, 52 Mo. 224, declared that payment of part of a debt, or liquidated damages, is not payment of the whole debt, even when the creditor agrees to receive a part of the whole and executes a receipt for the whole, except in fair and well understood compromises, carried faithfully into effect; or if the payment is in any way more beneficial to the creditor than that prescribed in the contract. *Dentman v. Kilpatrick*, 46 Mo. App. 624; *Perkins v. Headley*, 49 Mo. App. 556; *Helling v. United Order*, 29 Mo. App. 309. So, in *Mullin v. Martin*, 23 Mo. App. 537, it was declared that a composition agreement between debtor and creditor does not, *unless it is performed*, discharge the debtor from the residue of the debt.

The evidence, as we have seen, does not tend to establish an accord. It is true the plaintiff was to look into the defendant's claim and if not satisfied therewith was to notify defendant, and that plaintiff did not so notify defendant. This was a preliminary matter. Until the plaintiff investigated the correctness and justice of defendant's claim, it was not willing to treat with him as to a settlement of the two claims on the terms proposed by the defendant. But if the plaintiff did not notify the defendant of its dissatisfaction with the defendant's claim, and that from the conduct of the plaintiff in that regard the inference may be indulged that plaintiff was satisfied with such claim, still this is not enough. Even if the fact may be inferred that the plaintiff was satisfied with the correctness and justice of the defendant's claim, there is no evidence tending to show that the plaintiff agreed

to accept the defendant's claim in full satisfaction and discharge of its own; or, if so, that this latter agreement was executed.    It is not pretended that the plaintiff delivered the defendant the notes and account, or executed any release, or receipt, against the same, or that the defendant delivered to plaintiff said assigned account, or a release or receipt against the same, or that the plaintiff and defendant, or either of them, took any steps in the direction of executing the accord, if any there was proved.    So that, if it be conceded that a complete accord was established by the evidence, it must likewise be conceded that there was not the semblance of a satisfaction shown by it.

Nor is there the slightest evidence tending to show that the defendant even so much as made a tender of satisfaction.    But if the defendant's contention, that the failure of the plaintiff to notify him of the latter's dissatisfaction with the former's claim, should be construed into an expression, not only of plaintiff's satisfaction therewith, but that it would accept the same in settlement of that of the plaintiff, or would set off the one against the other, there is no evidence of the new agreement.    Since the plaintiff's claim was not only undisputed but larger in amount than that of the defendant, the bare release of the former, in consideration of the release of the latter, would not have the effect to bar an action on the former, for the difference between the two, unless there was some collateral or additional consideration, consisting of a burden or inconvenience to the latter, or a possible benefit to the former, of which there is no pretense that there was any evidence.    Nor can the contention be sustained that there was a well understood compromise agreement entered into, or if so, that the same was carried into effect in any way.    According to the principles of law hereinbefore adverted to, it is plain that the evi-

dence does not tend to establish an accord, much less an accord and satisfaction.

It must needs follow as a corollary to this, that the action of the trial court in submitting the issue of accord and satisfaction to the jury, was improper, since there was no evidence to authorize the same. But while there was no evidence offered which would justify the submission of the case upon the theory of accord and satisfaction, yet no reason is perceived why the defendant may not amend his answer and plead his account as a set-off against the plaintiff's claims; and since the defendant's claim is *prima facie* barred by the statute of limitations, why may he not affirmatively plead and invoke the agreement—the unexecuted accord, as an *estoppel in pais*, and thus avoid the statute. *Moore v. Smelting Co.*, 80 Mo. 86.

If the plaintiff and defendant entered into an agreement, or had an understanding by which the plaintiff agreed that it would accept defendant's account in payment or discharge of all or a part of its claims against defendant, when the mutual claims of plaintiff and defendant thereafter should be settled and adjusted, and that the defendant, relying upon such agreement and assurance, did not bring an action on his claim within the statutory period, but that for which he otherwise would have done so, then it seems clear to us, in such case, that the plaintiff would be estopped to invoke the statute of limitations in bar of the defendant's claim. If the plaintiff, by the words and conduct of its general manager, caused the defendant to believe that it would accept his claim in settlement of its own and thereby induced him to act on that belief and so to take no further steps toward enforcing collection of his claim by suit or otherwise, then, upon every principle of right, it ought to be held estopped to take advantage of the delay it occasioned by plead-

ing the statute of limitations.    13 Am. & Eng. Ency-
clopedia of Law, 719; Herman on Estop. and Res.
Jud. 1114, 1115; Wood on Limitations, 106; *Arm-
strong v. Levan*, 109 Pa. St. 117; *Leugar v. Haster-
wood*, 11 Lea (Tenn.), 539; *Moore v. Smelting Co.*,
80 Mo. 86; *Wells v. Halpin*, 59 Mo. 95; *Foley v. Jones*,
52 Mo. 64; *Hoffman v. Parry*, 23 Mo. App. 21; *Say-
nor v. Murphy*, 77 N. C. 149.

It is clear to our mind that if the inaction of the
defendant in not suing on his claim was induced by an
assurance or agreement on the part of the plaintiff that
he would accept the same in discharge of the latter's
claims, that the plaintiff, in a suit on his claims
against defendant, ought not be permitted to invoke
the statute of limitations in bar of the defendant's
counterclaim pleaded.    To allow the application of the
statute would enable the plaintiff to perpetrate what,
in effect, would be a fraud on the just rights of the
defendant.

We think the judgment should be reversed and
cause remanded, with leave to defendant to amend his
answer, if he shall desire to do so.    All concur.