SPECIALTY GLASS COMPANY *vs.* MICHAEL R. DALEY.

Bristol.    October 25, 1898. — January 9, 1899.

Present: FIELD, C. J., HOLMES, KNOWLTON, BARKER, & HAMMOND, JJ.

*Contract — Agreement to accept a Part of a Debt in Payment for the Whole — Compromise of Disputed Claim.*

An agreement to accept a part of a debt in payment for the whole is not binding unless it is made by an instrument under seal.

Where there is no dispute or uncertainty about the amount of a debt, the rule in regard to the compromise of disputed claims and the settlement of unliquidated and doubtful claims does not apply.

CONTRACT, for goods sold and delivered.    Trial in the Superior Court, without a jury, before *Dewey,* J., who found for the plaintiff, and, at the request of the parties, reported the case for the consideration of this court.    If there was evidence to warrant a finding for the defendant, judgment was to be entered for him; otherwise, judgment was to be entered for the plaintiff for forty-three dollars and fifty cents, and interest from February 18, 1896, that being the date when the goods were sold and delivered.    The facts appear in the opinion.

*C. R. Cummings,* (*J. W. Cummings* with him,) for the defendant.

*F. A. Pease,* for the plaintiff.

KNOWLTON, J.    The defendant owed the plaintiff forty-eight dollars and thirty-three cents for goods sold and delivered.    On receipt of a bill demanding payment, he referred the matter to his attorney, who wrote the plaintiff a letter purporting to be written by him as the attorney of the defendant, offering to pay ten per cent of the debt in full settlement.    This offer the

plaintiff refused by letter, and in a later letter, directed to the "Assignee of M. R. Dailey," sent the account with proof of the indebtedness. This account the defendant's attorney returned in a letter, the last sentence of which is as follows: "If you will send your bill to him [the defendant] he will pay you a dividend of ten per cent." About a fortnight later the attorney enclosed his own check for four dollars and eighty-three cents in a letter to the plaintiff, in which he said that he sent it in full settlement of the bill. All of these letters to the plaintiff were written in such a way as to indicate that the writer was acting throughout as the attorney for the defendant. The plaintiff acknowledged receipt of the check as a dividend on account, but declined to accept it as a settlement. It obtained cash on the check, and gave the defendant credit for it on account. The money against which the check was drawn was furnished by the defendant's wife, but the plaintiff had no knowledge of this.

As between the parties, the case stands as if the money had belonged to the defendant. *Spaulding* v. *Kendrick, ante,* 71.

Even if it could be found that the plaintiff's conduct amounted to an agreement to accept the check in settlement of the debt, which we do not intimate, the case would come within the rule which is well established in Massachusetts, that an agreement to accept a part of a debt in payment for the whole is not binding unless it is made by an instrument under seal. *Harriman* v. *Harriman,* 12 Gray, 341. *Potter* v. *Green,* 6 Allen, 442. *Jennings* v. *Chase,* 10 Allen, 526. *Lathrop* v. *Page,* 129 Mass. 19. *Slade* v. *Mutrie,* 156 Mass. 19.

There was no dispute or uncertainty about the amount of the debt, and the rule in regard to the compromise of disputed claims and the settlement of unliquidated and doubtful claims does not apply. *Tompkins* v. *Hill,* 145 Mass. 379.

*Judgment for the plaintiff on the finding.*