ILLUSTRATED CARD AND NOVELTY COMPANY *vs.* PETER T.
DOLAN & trustee.

Worcester.    January 2, 1911. — February 28, 1911.

Present: KNOWLTON, C. J., MORTON, LORING, SHELDON, & RUGG, JJ.

*Payment.   Bills and Notes.   Contract,* Rescission.   *Practice, Civil,* Tender
before suit.

The mere sending, by a debtor to a creditor, of a check on a bank for an amount
which the debtor contended was the amount due, and the receipt of the check
by the creditor do not render the check effectual as a payment.

Evidence, that a debtor in Worcester sent to a creditor in New York a check on
a bank for a sum which the debtor contended was the amount of the debt, the
check having written upon it the words "In full" and a reference to the sub-
ject matter of the debt, that the creditor received the check and immediately
sent it to an attorney in Worcester, who, without presenting it for payment,
went to the bank upon which it was drawn, asked if there were funds there to
meet it and was told that there were, and that the creditor, twenty-four days
after the check was sent to him, caused an action to be brought against the
debtor for what he contended was the amount of his claim against the debtor,
will not warrant a finding that the creditor treated the check as payment of the
debt.

If a creditor, to whom a debtor has sent a bank check for what the debtor contends
is the amount of the debt, refuses to accept the check as payment and brings
an action against the debtor for the amount which the creditor contends is
the amount of the debt, such acts do not constitute a rescission of a contract,
and therefore a return of the check, so as to place the debtor *in statu quo,* is not
a condition precedent to the bringing of the action; but, even if it were, it is
sufficient if the creditor produces the check at the trial and places it in the
custody of the court.

MORTON, J.    The plaintiff on March 4, 1902, sent through
its attorney in New York to the defendant for collection a
demand of $269.99 against one Williams in Worcester.    The
defendant collected the demand in about two months, in twelve
different instalments, and on May 8, by a check payable to the
order of the plaintiff's attorney in New York, bearing upon its
face the words "Illustrated Post Card & Novelty Co. *vs.* J. G.
Williams.    In full," remitted to the plaintiff $201.74, retaining
the balance for his services.    The plaintiff's attorney received
the check on May 9.    He did not reply to the defendant nor
have any communication with him, but sent the check to the
plaintiff's attorney in Worcester, and on May 23 this action,

which is for the whole amount collected, was begun by a writ returnable to the Central District Court of Worcester. Before the commencement of the action the plaintiff's attorney in Worcester took the check to the bank on which it was drawn and inquired if there were funds to meet it and was told that there were, but he did not have it cashed and it never has been cashed. The check was not tendered to the defendant, and there was no offer to return it to him before the action was begun. At the trial in the District Court the check was produced by the plaintiff and put into the custody of the court subject to the order and control of the defendant. Judgment was rendered against the defendant in the District Court and he appealed. A verdict was returned against him in the Superior Court and the case is here on exceptions by him to the refusal of the presiding judge * to give certain rulings asked for and to a portion of the judge's charge.

The defendant's contention is in substance and effect that the check operated under the circumstances as a payment of the plaintiff's demand. In order to have that effect it must appear either expressly or impliedly that the check was accepted in payment by the plaintiff. The mere sending of the check and receipt of it by the plaintiff could not render it effectual as a payment. *Taylor* v. *Wilson*, 11 Met. 44. Presentment for payment at the bank on which it was drawn and receipt of the amount would have been conclusive evidence of its acceptance by the plaintiff on the terms on which it was sent. But nothing of the sort took place. Instead, the plaintiff sent the check to its attorney in Worcester and brought suit against the defendant for the whole amount which he had collected, thus repudiating the check as plainly as possible. There was no evidence that would have warranted the jury in finding that the plaintiff treated the check as payment. The delay from May 9, when the check was received, to May 23, when suit was brought, did not of itself constitute and could not have been found to constitute an acceptance of the check. If by reason of the plaintiff's failure to notify him promptly of its refusal to accept the check the defendant had suffered any loss on account of the failure of

---

* *Sanderson, J.*

the bank on which it was drawn, the plaintiff would perhaps have been liable therefor. R. L. c. 73, § 203.

The case is not one in which the plaintiff has undertaken to rescind a contract into which it had entered, and therefore the rule requiring the rescinding party to put the other *in statu quo* does not apply. Even if that rule did apply, it would have been sufficient for the plaintiff to produce the check, as it did, at the trial. *Morse* v. *Woodworth*, 155 Mass. 233, 249.

*Exceptions overruled.*

The case was submitted on briefs.

*D. F. O'Connell & H. H. Lepper*, for the defendant.

*H. F. Harris*, for the plaintiff.