KEYSTONE GRAPE COMPANY *vs.* JAMES H. HUSTIS, receiver.

Suffolk.   January 6, 1919. — February 26, 1919.

Present: RUGG, C. J., BRALEY, CROSBY, PIERCE, & CARROLL, JJ.

*Conversion. Bill of Lading. Carrier,* Of goods. *Payment.*

Where goods are shipped by rail under a bill of lading, which provides that the
carrier shall deliver the goods "only on surrender of original bill of lading prop-
erly endorsed," and where by an accident the consignee receives the bill of
lading unindorsed without having paid anything for it and without having ac-
cepted the shipper's draft for the price of the goods, and on presentation of this
unindorsed bill of lading the last connecting carrier delivers the goods to the
consignee, the carrier is liable to the shipper in an action of tort for the con-
version of the goods.

Where the consignee of a carload of goods, which he agreed to pay for by accept-
ing a draft for the purchase money attached to the bill of lading, has received
the goods without paying for them and without accepting any draft for the
purchase money, and thereafter sends to the shipper a check for a sum $60 less
than the price of the goods, thus deducting the amount of a claim made by him
and disputed by the shipper arising out of a previous transaction, and where
across the end of the check is written, "In settlement of Car. 25238," designat-
ing the carload of goods which the consignee had received, and thereupon the
shipper notifies the consignee that the check will not be accepted as payment
but does not return it, and payment on it afterwards is stopped, there has been
no payment of the whole or a part of the purchase money and the shipper was
under no duty to accept the check in part payment.

CONTRACT OR TORT against the receiver of the property of the
Boston and Maine Railroad, the first count of the declaration
being in tort for the alleged conversion of a carload of grapes of
the value of $365.92, and the second count being in contract for a
breach by the defendant of his alleged contract not to deliver the
carload of grapes without the surrender of the original bill of
lading properly indorsed.   Writ in the Muncipal Court of the
City of Boston dated May 28, 1917.

At the trial in the Municipal Court the case was presented
upon an agreed statement of facts.   The material facts are de-
scribed in the opinion.   The defendant asked the judge to make
the  following rulings:

"1. On all the evidence the plaintiff is not entitled to a re-
covery.

"2. On all the evidence the only damages to which the plaintiff is entitled are $60.

"3. The acceptance and deposit of the check received by the plaintiff from Snow would not have affected the plaintiff's rights against Snow for any balance due on account of the shipment involved in this case.

"4. As between the plaintiff and the defendant it was the duty of the former to have accepted and deposited the check received from Snow.

"5. The damages, if any, due from the defendant to the plaintiff in the first instance should be reduced by the amount of the check for $305.92.

"6. As between the plaintiff and the defendant, it was the duty of the former to have accepted and deposited the check received from Snow, regardless of the effect of such action upon the plaintiff's rights, if any, against Snow."

The judge refused to make any of these rulings, and found for the plaintiff in the sum of $376.12. At the request of the defendant the judge reported the case to the Appellate Division.

The Appellate Division made an order that the report be dismissed; and the defendant appealed.

*W. A. Cole*, for the defendant.

*J. C. Jones, Jr.*, for the plaintiff.

CROSBY, J. This is an action of contract or tort to recover the value of a carload of grapes, consigned by the plaintiff from North East in the State of Pennsylvania to one Snow in Boston. The declaration contains two counts, the first for conversion of the grapes and the second, in contract, to recover the amount of the shipment. The judge of the Municipal Court of the City of Boston before whom the case was tried found for the plaintiff on the first count.

The case was submitted on an agreed statement of facts from which it appeared that the plaintiff agreed he would ship to Snow one carload of grapes a day during the season of 1915, shipment to be made by order bill of lading with draft attached; that Snow kept an account with the Federal Trust Company in Boston and it was the practice for the plaintiff to send the bill of lading and a draft to that company, where Snow could obtain the bill of lading by accepting the draft; that in accordance with this prac-

tice shipments were made, received and paid for until October 22, 1915; that on that date the shipment in question was made in a car consigned to Snow, — the initial carrier being the New York, Chicago and St. Louis Railroad Company and the last carrier the Boston and Maine Railroad, of which the defendant is receiver; that the bill of lading given the plaintiff by the initial carrier contained the following clause: "The surrender of this original order bill of lading properly endorsed shall be required before the delivery of the property;" and there also was stamped upon it the words: "Deliver only on surrender of original bill of lading properly endorsed."

It is also agreed that "in some manner not exactly known to the plaintiff but presumably through an error of its office boy, the order bill of lading, instead of going as usual to the bank, got into the hands of Snow. He thereupon presented to the defendant this unindorsed bill of lading for which he had paid nothing and the railroad delivered the carload of grapes;" that afterwards Snow contended that he had a claim against the plaintiff amounting to $60 arising from a previous shipment; that this claim was disputed by the plaintiff; that Snow sent the plaintiff a check for $305.92 which was $60 less than the amount due on the carload of grapes in question; that across the end of the check was the following: "In settlement of Car. 25238;" that the plaintiff learned it had not indorsed the bill of lading and notified Snow that the check would not be accepted as payment, but did not return it, and claimed of the defendant the full value of the shipment; that payment of the check was later stopped by Snow, and afterwards the check was returned to him by the defendant, having been previously delivered to the defendant by the plaintiff. The report also recites that "It is agreed that the court may draw such inferences of fact from the above as it thinks are warranted."

The delivery of the property by the carrier to Snow without the plaintiff's indorsement upon the bill of lading, in direct violation of its terms, amounted to a conversion and rendered the carrier liable for the value of the property. *Voghel* v. *New York, New Haven, & Hartford Railroad,* 216 Mass. 165. St. 1910, c. 214, § 11, cl. b. The plaintiff was not required to accept the consignee's check either in payment or partial payment of its demand

after the debt had become payable. *Lathrop* v. *Page,* 129 Mass. 19. *Welch* v. *Adams,* 152 Mass. 74, 85. *Slade* v. *Mutrie,* 156 Mass. 19. The plaintiff was under no legal duty to accept the check even if it could have afterwards collected the balance due notwithstanding the indorsement upon the check that it was "In settlement of Car. 25238." *Whittaker Chain Tread Co.* v. *Standard Auto Supply Co.* 216 Mass. 204. The contract between the plaintiff and Snow in effect was that the latter should accept and pay drafts at the Federal Trust Company which were attached to bills of lading. The plaintiff did not consent to any other method of payment. The contract contemplated that payments should be in cash, and accordingly the plaintiff was not required to accept payment by check. A check proffered by a debtor does not constitute payment for the whole or part of a debt even if the bank upon which it is drawn is solvent; therefore the plaintiff was under no duty to accept the check in part payment. *Taylor* v. *Wilson,* 11 Met. 44. *Illustrated Card & Novelty Co.* v. *Dolan,* 208 Mass. 53.

The contention of the defendant that it was the duty of the plaintiff to have accepted the check and thereby to have reduced the amount of its demand is not tenable. The principle of law upon which the defendant relies in this connection has no application to the facts in the case at bar.

The rulings requested by the defendant were properly refused. The entry must be

*Order dismissing report affirmed.*