MORRIS BERGMAN *vs.* CHARLES I. GRANSTEIN.

Plymouth. March 1, 1920. — March 31, 1920.

Present: RUGG, C. J., BRALEY, CROSBY, CARROLL, & JENNEY, JJ.

*Payment. Bills and Notes.*

A post-dated check, given by a merchant to the seller of certain goods, with a statement of a further balance due, in order to gain possession of the goods, which were being held by a carrier under orders of the seller until a sight draft for the purchase price was paid, is not as a matter of law a payment, and, upon the check not being paid, the seller may bring an action for the price of the goods sold and need not sue upon the check as a promissory note.

An instrument, given by a purchaser of goods to the seller with two post-dated

checks and reciting that the seller had received $1,000 from the purchaser "on account. Balance to be paid in sixty days. Total $2000 70/100; balance $1000 70/100," is not a promissory note.

CONTRACT upon an account annexed for $1,478.20. Writ dated February 11, 1919.

In the Superior Court the action was tried before *McLaughlin*, J. The material evidence is described in the opinion. At the close of the evidence, the defendant asked for the following rulings among others:

"3. If the jury find that the plaintiff accepted two post-dated checks signed by the defendant, then such checks would constitute notes, and acceptance of such checks, or notes, would be payment, and the plaintiff would have to sue on these checks or notes, and not on his original right of action.

"4. The receipt, so called, signed by Nathan Shimilovich, is a note, and given to the plaintiff would be payment, and the plaintiff must sue on such note, and not on his original claim."

The rulings were refused. There was a verdict for the plaintiff in the sum of $1,501.45; and the defendant alleged exceptions.

The case was submitted on briefs.

*H. C. Thorndike*, for the defendant.

*H. F. Parker*, for the plaintiff.

CROSBY, J. This is an action for goods sold and delivered to the Brockton Furniture Exchange, which, it could have been found, was owned by the defendant and carried on by him in Brockton.

The goods were ordered in New York and shipped by rail to Brockton. A bill of lading with sight draft attached was sent to a bank for collection. There was evidence that one "Shimilovich was either agent or partner of the defendant and that he acted as manager for the defendant." There was further evidence that on the arrival of the goods Shimilovich did not have money enough to pay the draft, and asked the defendant to do so; that the defendant stated he could not pay it; that the plaintiff was notified and sent one Frank to Brockton as his agent; that Frank told Shimilovich he had no authority to release the goods until they were paid for; that afterwards the defendant made two post-dated checks, for $400 and $600 respectively, payable to the plaintiff, and delivered them to Frank; that at the same time an instrument

written by Shimilovich was delivered to Frank, which the defendant contends is a note. The instrument recites in substance that $1,000 has been received from the Brockton Furniture Company "on account, Balance to be paid in sixty days. Total $2000 70/100; balance $1000 70/100." Upon delivery of the checks and instrument above referred to the goods were delivered to the defendant. The check for $400 was paid by the defendant on presentation. Payment of the $600 check was stopped by the defendant, and the check was protested for non-payment.

The acceptance by the plaintiff of the checks was not as matter of law a payment, as there is no evidence to show they were accepted in payment; accordingly, the defendant's third request was properly refused. *Taylor* v. *Wilson,* 11 Met. 44, 51. *Illustrated Card & Novelty Co.* v. *Dolan,* 208 Mass. 53. *Brown* v. *Hannagan,* 210 Mass. 246. *Keystone Grape Co.* v. *Hustis,* 232 Mass. 162, 165.

The judge rightly refused to rule that the instrument given to the plaintiff's agent at the time of the delivery of the checks was a note; it is not signed by the defendant nor payable to the plaintiff, and lacks most of the requirements of a promissory note; it plainly appears to be a receipt in ordinary form for $1,000 on account, with a statement of the balance due and of the time when according to the terms of sale it is to be paid. The defendant's fourth request was rightly refused.

*Exceptions overruled.*