PHILIP J. FEINBERG *vs.* DAVID LEVINE.

Suffolk.    November 18, 1920. — January 7, 1921.

Present: RUGG, C. J., BRALEY, CROSBY, PIERCE, & CARROLL, JJ.

*Payment. Bills and Notes*, Receipt of check as payment.

At the trial of an action of contract by an attorney at law for the value of services rendered to a client, where it appeared that after the completion of the services the plaintiff had received from the defendant a check, which was for a sum less than that claimed in the action afterwards brought and payment of which was refused by the bank on which it was drawn because the defendant's account there had been closed, and where there is no evidence warranting a finding that the plaintiff treated the check as payment, it cannot be ruled as a matter of law that the receipt by the plaintiff of the check "was a full satisfaction of all claims of the plaintiff against the defendant."

CONTRACT for $200 alleged to be due for professional services as an attorney at law rendered to the defendant by the plaintiff. Writ in the Municipal Court of the City of Boston dated January 21, 1920.

The evidence at the trial in the Municipal Court is described in the opinion. At the close of the evidence, the defendant asked for the following rulings and findings:

"1. Upon all the evidence the plaintiff is not entitled to recover.

"2. Upon all the evidence the defendant is entitled to a finding.

"3. The receipt of the defendant's check by the plaintiff for $100 was a full satisfaction of all claims of the plaintiff against the defendant.

"4. For the plaintiff to recover, he must show that he had no special contract for a named sum, and that the services rendered were for more value than the amount of the check he received; and, in such case, he is entitled only to the difference between the value of the services and the check held by him."

The requests were denied, and the judge found for the plaintiff in the sum of $190, and, at the defendant's request, reported the case to the Appellate Division, who ordered the report dismissed; and the defendant appealed.

The case was submitted on briefs.

*D. Levine, pro se.*

*P. J. Feinberg, pro se.*

CROSBY, J. This is an action brought by an attorney at law to recover $200 for professional services rendered to the defendant. It appears from the report that the plaintiff was employed by the defendant to settle a demand made on the latter for an alleged assault upon the wife of one Rabkin; that the plaintiff succeeded in making an arrangement with Rabkin and his wife by which, upon the payment of $50, the defendant was to be absolved from civil liability, and was to be permitted to remove his goods which were held by the Rabkins; that as the defendant did not then have $50 to complete the settlement, that amount was advanced by the plaintiff and the defendant gave him a check for $100 which included the $50 so advanced, and $50 as part payment on account of the plaintiff's services; that afterwards the $50 advanced by the latter was returned to him by Rabkin.

The plaintiff testified that at the defendant's request he agreed not to present the check for payment for a week or ten days; that after the expiration of ten days he presented it to the bank and payment was refused on the ground that there were "No funds;" that thereafter he presented the check to the bank several times and was notified by it that the defendant's account was closed; that the check was still in his possession and was unpaid, except for the $50 returned to him by Rabkin. He stated at the trial that he made no claim to the check and offered to return it to the defendant, who refused to accept it.

The trial judge found for the plaintiff in the sum of $190 — the amount of his charge for services less $10 which he had been.

paid as a retainer. The defendant contended that the plaintiff acted contrary to his instructions, and that the check was accepted in payment; but the judge was not required so to find, accordingly the requests could not properly have been given. There was evidence from which it could have been found that the plaintiff was employed by the defendant; that services were rendered in conformity with the employment and that the amount of the charge was reasonable. The mere receipt of the check by the plaintiff could not render it effectual as a payment, and under the circumstances as disclosed by the record, there was no evidence warranting a finding that the plaintiff treated it as a payment. *Taylor* v. *Wilson,* 11 Met. 44. *Illustrated Card & Novelty Co.* v. *Dolan,* 208 Mass. 53, 54. *Keystone Grape Co.* v. *Hustis,* 232 Mass. 162, 165.

*Order dismissing report affirmed.*