THOMAS WASILAUSKAS *vs.* BROOKLINE SAVINGS BANK.

Norfolk. March 8, 1927.— April 6, 1927.

Present: BRALEY, PIERCE, CARROLL, & WAIT, JJ.

*Savings Bank*, By-laws, Payment. *Payment. Bills and Notes. Forgery. Name.*

An action of contract by a depositor against a savings bank was tried on two counts. In one count the plaintiff alleged that the defendant paid a part of a deposit of the plaintiff to a person other than the plaintiff by a check signed by its treasurer, "payable to the plaintiff" and charged this amount as "drawn by the defendant to the account of the plaintiff"; that although the check payable to the plaintiff was made payable to an existing person, "the defendant did not intend that payment of" it "should be made to any other person than the plaintiff"; that the check was delivered to a person other than the plaintiff, indorsement was forged by such person and payment was made to him. In the other count, the plaintiff alleged in substance that a person other than the plaintiff withdrew an amount from the plaintiff's account with the defendant in the form of a check of the defendant, payable to the plaintiff or his order, which was paid by the drawee to a person other than the plaintiff on a "forged indorsement of an existing person other

than the payee"; that on receipt of the check the defendant knew or should have known of the forgery, but refused to return the amount drawn to the plaintiff's account. At the trial, it appeared that a by-law of the bank, printed on the plaintiff's pass book and assented to by him, was that "the bank shall not be held responsible for money paid out to any person unlawfully presenting a book"; that the plaintiff in opening the account signed his name to a signature card by a cross; that before the check was given by the defendant the plaintiff's book was presented to the defendant, questions were asked to identify the person presenting the book, a signature by a cross was taken from him and a check in which the plaintiff's name was written as payee was delivered. *Held*, that

(1) There being no evidence of negligence or lack of good faith on the part of the defendant, it was fully protected in the circumstances by the by-law, "the bank shall not be held responsible for money paid out to any person unlawfully presenting a book";

(2) The check drawn by the defendant against the plaintiff's account having been taken by the person presenting the plaintiff's book and paid by the drawee, it was "money paid out" within the meaning of the by-law, and the by-law was a defence to the plaintiff's action;

(3) *Jordan Marsh Co.* v. *National Shawmut Bank*, 201 Mass. 397, and *Grow* v. *Prudential Trust Co.* 249 Mass. 325, distinguished.

(4) A difference in the spelling of the name on the back of the check and on its face in the circumstances was not material.

CONTRACT OR TORT. Writ dated May 4, 1922.

The action was tried on the third and fourth counts only of an amended declaration.

In the third count, the plaintiff alleged the circumstances of a deposit by him with the defendant; that on August 25, 1921, "the defendant paid to a person other than the plaintiff the amount of a certain check signed by the treasurer of the defendant corporation payable to the plaintiff amounting to $600 and charged the amount of such check as was drawn by the defendant to the account of the plaintiff. Although the check payable to the order of the plaintiff was made payable to an existing person residing in Newton, the defendant did not intend that payment of said check of $600 should be made payable to any person other than the plaintiff but that said check although made payable to the plaintiff was delivered by said defendant to a person other than the plaintiff, and was indorsed by a person other than the plaintiff as payee and that the payee's indorsement was forged on said check which forgery was known or could have been

known by the defendant had the defendant used due and reasonable diligence."

In the fourth count of the amended declaration the plaintiff, after alleging the circumstances of the deposit, alleged that on August 25, 1921, "a person other than the plaintiff went to the defendant bank and withdrew from the said bank on the plaintiff's account the sum of $600. . . . the said $600 withdrawn by the person other than the plaintiff on the defendant bank was in the form of a check in which check the defendant was named as maker or drawer and that said check was made payable to the plaintiff or his order. . . . that said check drawn by the defendant bank was payable through The First National Bank of Boston. . . . that the defendant bank through The First National Bank of Boston paid said check of $600 to a person other than the plaintiff as payee on the forged indorsement of an existing person other than the payee. . . . that the defendant bank on the receipt of said check knew or should have known by due and diligent investigation that the plaintiff being unable to write and the forged indorsement being the name of the plaintiff in full would have revealed that said indorsement was forged and should not have been paid by the defendant bank."

The trial in the Superior Court was before *Raymond,* J. Material evidence is described in the opinion. The defendant rested at the close of the plaintiff's evidence, and the judge ordered a verdict for the plaintiff in the sum of $699 and reported the action to this court for determination.

*N. T. Kjellstrom,* for the plaintiff.

*G. R. J. Boggs,* for the defendant.

CARROLL, J. On June 29, 1912, an account was opened with the defendant in the name of Tamozzis Wasilewskos. A card, referred to as a signature card, was made out for Tamozzis Wasilewskos, who signed the same with his mark. The defendant also issued a savings bank book in said name. The plaintiff was unknown to the defendant prior to June 29, 1912. At the top of the signature card signed by the plaintiff there were printed these words: "I hereby agree to the by-laws of the Brookline Savings Bank and any amendments or additions thereto hereafter made without further notice."

One of the defendant's by-laws provided: "the bank shall not be held responsible for money paid out to any person unlawfully presenting a book." This by-law was printed in the bank book. On August 25, 1921, the bank book was presented to the defendant by some one who answered the preliminary questions as to age, occupation, address and birthplace and gave a signature by a cross, and a check for $600 was delivered, payable to the order of Tamozzis Wasilewskos and drawn on The First National Bank of Boston. The check was cashed at this bank on August 26, 1921. The signature Tamaszin Wasilauskas was written on the back of the check. Before paying the check The First National Bank called the defendant on the telephone and asked about the identity of the payee, and in reply the answers given on the signature card were read. On August 27, the defendant was notified that some one other than the plaintiff had drawn the $600. It was agreed that the plaintiff did not know of the withdrawal of the money until he saw "an entry stamped in red which he had not seen before." A verdict was directed for the plaintiff in the Superior Court and the case reported.

The by-law protected the bank if, using reasonable care and in good faith, it paid the money on presentation of the book to one who falsely impersonated the depositor. *Levy* v. *Franklin Savings Bank*, 117 Mass. 448. *Goldrick* v. *Bristol County Savings Bank*, 123 Mass. 320. *Donlan* v. *Provident Institution for Savings*, 127 Mass. 183. *Kingsley* v. *Whitman Savings Bank*, 182 Mass. 252, where the cases are reviewed. The by-law provided that the defendant shall not be held responsible "for money paid out" to one unlawfully presenting the bank book.

The defendant paid the wrongdoer by check, and it is urged that this mode of payment is not in compliance with the by-law, that it was not a payment in money and therefore the defendant was not protected by the by-law. A mere receipt of a check, in the absence of evidence that it was accepted in payment, is not as matter of law a payment. *Illustrated Card & Novelty Co.* v. *Dolan*, 208 Mass. 53, 54. *Bergman* v. *Granstein*, 235 Mass. 378, 380. *Feinberg* v.

*Levine*, 237 Mass. 185, 187.   But presentment for payment of the check at the bank on which it is drawn and the receipt of the amount would be conclusive evidence of payment. *Illustrated Card & Novelty Co.* v. *Dolan, supra.*   While a check as such is not cash, *Keystone Grape Co.* v. *Hustis*, 232 Mass. 162, 165, if a check is given in payment of a debt and the check has been accepted in payment and has been cashed, the payment is in cash,   As was said in *Breck* v. *Barney*, 183 Mass. 133, at page 136, "What is in law a payment is a payment in cash."   *Automatic Time Table Advertising Co.* v. *Automatic Time Table Co.* 208 Mass. 252, 258. The check against the defendant's account in The First National Bank having been paid by that bank, it was "money paid out" within the meaning of the by-law, and was a defence to the plaintiff's action.   *Breck* v. *Barney, supra.   Illustrated Card & Novelty Co.* v. *Dolan, supra. Automatic Time Table Advertising Co.* v. *Automatic Time Table Co., supra.*

The plaintiff relies on *Jordan Marsh Co.* v. *National Shawmut Bank*, 201 Mass. 397, *Grow* v. *Prudential Trust Co.* 249 Mass. 325, and similar cases where the instrument was forged.   These cases are not in conflict.   In the case at bar the wrongdoer was the payee and intended by the maker of the check to be the payee although the defendant was mistaken as to his identity; and The First National Bank by cashing the check paid the one to whom the check was payable.   Payment was made to the wrong person, that is, the payment was made to one who was not the owner of the book, but under the by-law the defendant was authorized to make the payment as it was made, as the plaintiff agreed in effect when the account was opened that payment could be made to the one presenting the book.   The difference in the spelling of the name on the back of the check and the spelling on the face of the check is not material.

There was no evidence of negligence of the defendant.

It follows that judgment is to be entered for the defendant.

*So ordered.*