PAULINE COCHRANE *vs.* JOHN ZAHOS & another.

Middlesex.    January 8, 1934. — March 29, 1934.

Present: RUGG, C.J., PIERCE, WAIT, FIELD, & LUMMUS, JJ.

*Payment. Bills and Notes,* Presentment. *Practice, Civil,* Interrogatories.

Acceptance and retention by a creditor of a check of a debtor does not necessarily constitute a payment of the debt; whether there is a payment thereof depends upon whether the creditor accepts the check as payment, or so conducts himself that he is not at liberty to deny acceptance as payment; that question, ordinarily, is one of fact rather than one of law.

At the trial of an action of contract for rent due under a lease in writing, an issue was, whether a check given to the plaintiff was accepted as payment. The plaintiff had put to the defendant interrogatories including an inquiry whether the check was given "in payment." The defendant answered, "Yes." The plaintiff introduced the interrogatories and answers in evidence, and the defendant contended that the plaintiff was bound by them as proof that the check, being "given in payment," was accepted by the plaintiff in payment. *Held,* that the plaintiff was not so bound.

At the hearing of the action above described in a district court, it appeared that the check, given on April 2, was dated April 19; that the plaintiff was a woman seventy-two years of age and in poor health; that she put the check in her safe deposit box and before April 19 went to a hospital where she remained until the following October; that the defendant's bank account upon which the check was drawn was closed in July; that the check was presented in October; and that payment was refused, there being no funds to meet it. There was no evidence of loss caused to the defendant by the plaintiff's delay. The judge found that the check was not received as payment. *Held,* that the finding was warranted.

CONTRACT. Writ in the District Court of Newton dated October 21, 1932.

In the District Court, the action was heard by *Weston,* J. Material evidence and findings and rulings by the judge are stated in the opinion. He found for the plaintiff in the sum of $300 and, at the request of the defendant John Zahos,

reported the action to the Appellate Division for the Northern District. The report was dismissed. The defendant John Zahos appealed.

The case was submitted on briefs.

*F. V. Terry*, for the defendant John Zahos.

*R. J. Curran*, for the plaintiff.

WAIT, J. The plaintiff brought suit against John Zahos and Constantine H. Zahos as copartners doing business at Malden and at Newton as Zahos Brothers, in Malden also as Imperial Lunch Company, and in Newton as Imperial Cafeteria. She declared in four counts which she stated were for the same cause of action. The first count was for a joint and several liability for rent under a written lease for $300 due and unpaid for the month of April, 1932; the second count on account annexed was for rent, use and occupation for $300 under a lease beginning in 1927 and ending August 31, 1932; the third was for $151.52 upon a check for $150 drawn on an account in the First National Bank of Malden to the order of the plaintiff, dated April 19, 1932, dishonored on presentment with protest fee of $1.52; and the fourth for $151.52 on a similar check for $150, dated April 28, 1932, dishonored on presentment with protest fee of $1.52. The defendants John and Constantine answered separately, general denial and payment.

There was evidence of a lease of premises in Malden in 1927 by the plaintiff as lessor, executed by her and by "Zahos Brothers By John Zahos Member of Partnership" which called for a monthly rent of $300 payable in advance; and of occupation by John Zahos and Constantine H. Zahos doing business as Zahos Brothers under a sign "Imperial Lunch." This lease was to expire August 31, 1932. Rent was paid by check. All rent due thereunder was received by the plaintiff except $300 due for the month of April, 1932. John Zahos, although he signed the lease, operated the restaurant on the premises with Constantine H. Zahos only during the years 1927 and 1928. John had no account with the First National Bank of Malden. In 1931, an account was opened in the name of "Imperial Lunch Co. Malden, Mass. C. H. Zahos."

C. H. Zahos was the only person authorized to draw on that account. The checks referred to in counts three and four were signed "Imperial Lunch Co. Malden, Mass." by a stamp and "C. H. Zahos" in writing. They were sent to the plaintiff (post dated) by Constantine to pay the April rent, and were received by her on April 2, 1932. She was a woman seventy-two years of age, in poor health. She put them in her safety deposit box; and, before April 19, the date of the first, went to a hospital where she remained till the following October. The account upon which they were drawn was good for them until July 28, 1932, when it was closed. The checks were deposited for collection with the First National Bank of Boston October 17, 1932, but, on presentment at the Malden bank were refused payment and protested, there being no funds to meet them. Interrogatories filed by the plaintiff inquired whether these checks severally were "given in payment of one half of the payment for one month's rent during the term of said lease." Constantine answered "Yes" as to both, while John answered "Yes" as to one and "Don't know of my own knowledge" as to the other. The plaintiff put the answers in evidence. John Zahos made the following requests for rulings: "1. The defendant John Zahos cannot be held liable on the check described in the third and fourth counts. 2. Upon delivery of the two checks in question to the plaintiff for the April, 1932, rent, the presumption arises that they were given and received in satisfaction of the amount due for the April rent. 3. The maker of said checks is the only person liable thereon in this action. 4. If said checks were not presented for payment for more than five months after delivery thereof to the plaintiff and there being sufficient funds in the maker's account to pay said checks if presented any time in April, 1932, after the date of said checks, the defendant John Zahos cannot be held liable in this action for the April, 1932, rent." The judge gave the first but refused the others because he found John liable for the rent, though not on the checks. He found that the checks had not been accepted in payment of the rent, and, further, found for the plaintiff against the defendants in

$300. John Zahos took the case to the Appellate Division on report, claiming to be aggrieved by the denials, and, after dismissal of the report, appealed to this court.

No question is raised other than the propriety of the rulings and of the finding that there was no payment by the checks. We consider no others.

Our law is thoroughly established that acceptance and retention by a creditor of a check from a debtor does not necessarily constitute a payment. *Illustrated Card & Novelty Co.* v. *Dolan,* 208 Mass. 53. *Bergman* v. *Granstein,* 235 Mass. 378. *Feinberg* v. *Levine,* 237 Mass. 185, 187. *Wasilauskas* v. *Brookline Savings Bank,* 259 Mass. 215, 218, 219. Whether there is a payment depends upon whether the creditor accepts it as payment, or so conducts himself that he is not at liberty to deny acceptance as payment. This, ordinarily, is matter of fact rather than of law. *Smith* v. *Collins,* 115 Mass. 388, 398. *Dutton* v. *Bennett,* 256 Mass. 397, 402. See *Poresky* v. *Wood,* 248 Mass. 464.

In the case before us the evidence will support the finding that the plaintiff never accepted the two checks sent by Constantine as payment for rent. The fact that post dated checks were sent to her might fairly be taken to indicate that the debtors relied upon some laxity in doing business on her part, and did not believe the checks on April 2, 1932, were taken by her as the equivalent of payment by cash. We are unable to accept the argument that by putting in the answers to the interrogatories, the plaintiff is bound by them as proof that, being "given in payment," the checks were therefore accepted by her in payment.

The defendants produce no evidence of loss caused by the plaintiff's delay, so as to be able to profit by G. L. (Ter. Ed.) c. 107, § 209: "A check must be presented for payment within a reasonable time after its issue or the drawer will be discharged from liability thereon to the extent of the loss caused by the delay." Her illness would be taken to explain and excuse the months of delay between receipt and presentment, *Furber* v. *Dane,* 204 Mass. 412,

415; but this would go only to the matter of reasonable time. The delay itself was not a loss.

John Zahos signed the lease. It was in force in April, 1932. Neither he nor any one else has paid the agreed rent for that month. There is no error in judgment against him.

*Order dismissing report affirmed.*